353 So.2d 819 (1977)
Dewayne F. NOBLE, III, Petitioner,
v.
STATE of Florida, Respondent.
No. 50634.
Supreme Court of Florida.
October 20, 1977.
Rehearing Denied January 31, 1978.
Michael M. Corin and Margaret Good, Asst. Public Defenders, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., Tallahassee, for respondent.
BOYD, Justice.
Dewayne Frank Noble's petition for certiorari was granted by this Court and the writ was issued to review the decision in this cause by the District Court of Appeal, First District, reported at 338 So.2d 904. The writ was issued because the decision conflicts with State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967).
Noble was convicted in the Circuit Court, for Gilchrist County, of larceny of an automobile. In a consolidated order of judgment and sentence, dated May 10, 1976, the Circuit Court ordered a sentence of five years imprisonment at hard labor, the initial three to be served with no credit for "good time or gain time" and the following two to be stayed while Noble was to be on probation. Noble filed a Notice of Appeal in the First District Court for review of "[his] judgment and conviction ... dated May 10, 1976." The Notice did not inform the parties and the courts that Noble sought review of the sentence, and indeed, the assignments of error specified "evidence insufficient to sustain conviction" as the only error in the proceedings below. Noble filed a request to supplement the assignments of error, however, to include the error of imposing a split sentence disallowing the usual credit. The request was granted on August 25, 1976.
In its decision the District Court declined to consider the sentencing error because the Notice of Appeal did not state that Noble intended to appeal his sentence. In State ex rel. Poe v. Allen, supra, at 746, defective notice was found to be cured by the following factors: proper identification of the litigation in the Notice, clear intent to prosecute an effective appeal, specification of *820 errors reviewable, presentation of a proper record and the absence of prejudice to the parties on the opposite side. Each of these factors is present in this case. The opinion of the District Court recites that the only question presented by Noble's brief is whether the sentence was lawful. And the opinion quotes from the trial court order the sentence imposed. Likewise, the litigation is properly identified in the Notice, the sentencing error was listed in the supplemental assignment, and prejudice to the State was not mentioned in the opinion, nor is it observable in the record. We think Allen was well-decided and we reaffirm its rationale. Technicalities ought not to defeat the administration of justice.[1] We hold in favor of Noble.
Such a holding has more to commend it than harmonization of the conflict with Allen in favor of the Allen reasoning. The holding is in accord with our constitutional scheme that the District Courts of Appeal hear appeals taken as a matter of right, Article V, Section 4(b)(1), Florida Constitution,[2] and the constitutional intent, evinced by Article V, Section 2(a),[3] that substance supersede form in this State's judicial process.
For the foregoing reasons the decision of the District Court is quashed[4] and the cause is remanded with the direction that the error in sentencing raised by Noble be considered.
It is so ordered.
ADKINS, SUNDBERG, HATCHETT and KARL, JJ., concur.
OVERTON, C.J., and ENGLAND, J., dissent.
NOTES
[1] This case is not to be confused with one where the defect is jurisdictional.
[2] "District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court... ."
[3] "The supreme court shall adopt rules for . . the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought... ."
[4] The opinion of the District Court could be read as a refusal to consider the sentencing error because it was not raised in the trial court. But, fundamental error need not be raised before the trial court for it to be considered at the appellate level.