384 So.2d 723 (1980)
Felix RUIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1244.
District Court of Appeal of Florida, Third District.
June 10, 1980.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
*724 Before NESBITT, BASKIN and DANIEL PEARSON, JJ.
NESBITT, Judge.
By this appeal, the defendant challenges: (1) the sufficiency of the evidence to support revocation of his probation; and (2) the failure of the trial court to make the required findings of fact that he was an habitual offender so as to subject him to an enhanced penalty pursuant to Section 775.084, Florida Statutes (1977).
On June 9, 1976, the defendant entered a negotiated plea to an information charging him with: (a) attempted breaking and entering and (b) assault and battery, for which he received a split sentence of six months in the Dade County Stockade followed by a three-year period of probation.
On April 18, 1978, an amended affidavit of violation of probation was filed against the defendant charging him with: (1) being an accessory after the fact to the offense of murder; and (2) burglary of a home. Following an evidentiary hearing on the probation violations, the trial court found him guilty on both grounds of probation violations, as alleged. A review of the record satisfies us that the state sustained its burden in establishing evidence as to both grounds by the greater weight of the evidence. Wheeler v. State, 344 So.2d 630 (Fla.2d DCA 1977).
Following revocation of probation, the state, in a separate proceeding, and by written notice, charged the defendant with being an habitual offender and alleged that an extended prison term was necessary for the protection of the public as required by Section 775.084(3), Florida Statutes (1977); see Grey v. State, 362 So.2d 425 (Fla.4th DCA 1978). In that proceeding, the state adduced proof demonstrating a sufficient basis so as to permit the trial court to sentence the defendant to an enhanced sentence as an habitual offender. Grimmett v. State, 357 So.2d 461 (Fla.2d DCA 1978); Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976).
In Eutsey v. State, 383 So.2d 219 (Fla. 1980), our Supreme Court upheld the constitutionality of the enhanced sentence prescribed by Section 775.084, supra. In Eutsey, the Court held that the requisite findings as a basis for the enhanced sentence need not be made in writing but may orally be dictated in the record. The record in this case discloses neither written findings nor oral findings sufficient to support the imposition of an enhanced sentence upon the defendant for the protection of the public against further criminal activity. For this deficiency, we must reverse and vacate the ten-year sentence imposed upon the defendant with the direction that the trial court make the requisite findings of fact and appropriately resentence the defendant.
Relying upon Jenrette v. State, 373 So.2d 718 (Fla.3d DCA 1979) and Engel v. State, 353 So.2d 593 (Fla.3d DCA 1977), the state contends that the defendant's failure to expressly preserve this point in the trial court requires our affirmance of the sentence and relegates the defendant to apply to the trial court for appropriate relief pursuant to Florida Rule of Criminal Procedure 3.850. Defendant, however, relies upon Noble v. State, 353 So.2d 819 (Fla. 1977), where our Supreme Court held that once the jurisdiction of a district court attaches and an error in sentencing in the trial court is raised, it should be considered and determined. The defendant did preserve the point in the trial court. Application of Noble is significant in this case because of the defendant's challenge to the sufficiency of the evidence to support the revocation of his probation.
As we did in Abraham v. State, 382 So.2d 382 (Fla.3d DCA 1980), we recognize that despite the holding in Noble v. State, supra, it will be more expeditious and represent a considerable saving in time, effort, and expense for questions relating only to sentences to be presented to the trial court for post conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850.
Accordingly, the revocation of the defendant's probation is affirmed. However, the judgment prescribing an enhanced sentence is reversed and vacated and the cause *725 remanded to the trial court to make the requisite findings in order to support an enhanced sentence to be imposed upon the defendant in accordance with the habitual felony statute, Section 775.084, supra; Eutsey v. State, supra; Whaley v. State, 382 So.2d 802 (Fla. 1st DCA 1980); King v. State, 369 So.2d 1031 (Fla.4th DCA 1979).
Affirmed in part; reversed in part and remanded.