392 So.2d 334 (1981)
Ana Lourdes GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-268.
District Court of Appeal of Florida, Third District.
January 13, 1981.
*335 Black & Denaro and Roy E. Black, Frank Anthony Rubino, Miami, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Upon her nolo contendere pleas, Gonzalez was adjudicated guilty and placed on probation for three years, a condition of which was that she be imprisoned for eighteen months. She reserved for appeal the trial court's denial of her motion to suppress. Finding that the trial court properly denied the motion to suppress, State v. Ruiz, 360 So.2d 1320 (Fla. 2d DCA 1978); Dykman v. State, 300 So.2d 695 (Fla. 3d DCA 1974); State v. Hetzko, 283 So.2d 49 (Fla. 4th DCA 1973), we affirm the judgments of conviction.
We now address the sentence imposed. It is clear that incarceration as a condition of probation which exceeds one year is unlawful. Villery v. Florida Parole & Probation Commission (Fla. 1980). (Case No. 57,935, opinion filed October 30, 1980). Because Villery is made expressly retroactive, Gonzalez, sentenced in early 1979, is entitled to have this excessive incarceration condition invalidated,[1] notwithstanding that she failed to object in the trial court to its imposition. Noble v. State, 353 So.2d 819 (Fla. 1977); Butler v. State, 343 So.2d 93 (Fla. 3d DCA 1977).
The State agrees. It urges, however, that if a defendant is to be relieved of an illegal sentence, relief should come from the trial court, upon a motion under Rule 3.850, Florida Rules of Criminal Procedure.[2] The State relies on a severely eroded, if not implicitly overruled, line of cases, which it asks us to resurrect.
In Noble v. State, 338 So.2d 904 (Fla. 1st DCA 1976), the defendant, not having previously challenged his sentence, appealed only the trial court's order that he receive no credit for good or gain time. The District Court affirmed without prejudice, specifically allowing the defendant to test the legality of the sentence by filing a Rule 3.850 motion in the trial court. In Jones v. State, 341 So.2d 846 (Fla. 3d DCA 1977), this court followed the procedure announced in Noble. Then, in Engel v. State, 353 So.2d 593 (Fla. 3d DCA 1977), where the defendant's sole contention, raised for the first time on appeal, was that the imposition of separate sentences for offenses which were facets of the same transaction was unlawful, we relied on Noble and Jones and again affirmed without prejudice to the filing of a Rule 3.850 motion.
Our reliance on the First District's decision in Noble was misplaced. Two months before Engel, the Florida Supreme Court overruled Noble and remanded the case to the District Court to consider the defendant's challenge to the illegal sentence. Noble v. State, 353 So.2d 819 (Fla. 1977).[3] The court noted:
"The opinion of the District Court could be read as a refusal to consider the sentencing error because it was not raised in the trial court. But, fundamental error need not be raised before the trial court for it to be considered at the appellate level." 353 So.2d at 820, n. 4.
*336 Clearly, then, since the Supreme Court's decision in Noble, appellate courts may not reject appeals which raise, even exclusively, fundamental sentencing errors even though no issue concerning the error was first addressed by the trial court.[4]Noble does not give us the option to consider a fundamental sentencing error. If a sentencing error is raised on appeal, we must consider it where objection was made below or, absent objection, where the error is fundamental. The rule of Noble comports with the philosophy that substance should supersede form and with the desirable goal that sentencing issues be resolved expeditiously and with minimal effort and expense.
It is true that in some instances, particularly those where only a sentencing error is raised, it may be more expeditious and less expensive to present sentencing questions to the trial court under Rule 3.850. We have encouraged defendants to adopt such a course. Ruiz v. State, 384 So.2d 723 (Fla. 3d DCA 1980); Abraham v. State, 382 So.2d 382 (Fla. 3d DCA 1980). In other instances, as where the defendant raises several points on appeal, among them a sentencing error (as in the present case), it may be more expeditious to present the sentencing question to us.[5]Ruiz v. State, supra. But if a defendant has sought our review of a sentencing error and, as here, has presented us with a record and briefs, whatever expediency might have been accomplished had the issue been presented to the trial court in the first instance will certainly not be accomplished by our refusal to review the alleged error without prejudice to the defendant to begin again with a Rule 3.850 motion in the trial court.[6]
It is indisputable that an error in sentencing that causes a defendant to be incarcerated or restrained for a greater length of time than the law permits is fundamental. Cunningham v. State, supra, and Hamm v. State, 380 So.2d 1101 (Fla. 2d DCA 1980) (prison sentence not reasonably related to purpose of probation as condition of probation); Abraham v. State, supra (sentence disallowing credit for time spent before conviction in hospital as mentally disturbed sex offender); Skinner v. State, 366 So.2d 487 (Fla. 3d DCA 1979), and Butler v. State, 343 So.2d 93 (Fla. 3d DCA 1977) (sentence in excess of statutory maximum); Williams v. State, 280 So.2d 518 (Fla. 3d DCA 1973) (probationary term after completion of maximum jail term). Such an error can be corrected on appeal or by a trial court in collateral attack proceedings. Skinner v. State, supra. The State urges us to require Gonzalez to seek relief in the trial court. We believe the Supreme Court's decision in Noble precludes us from doing that. But Noble aside, considerations of expediency compel the same result.[7] We *337 are here presented with a case where the error is patent on the face of the record. Compare Clinton v. State, 389 So.2d 1082 (Fla. 3d DCA 1980); Cannon v. State, 384 So.2d 971 (Fla. 3d DCA 1980). Were the error not obvious, we would not hesitate to deny review without prejudice to the later institution of Rule 3.850 proceedings where the appropriate record could be developed, or otherwise remand the case to the trial court. But in the absence of such a compelling need to have the trial court consider the matter, it is improper for us to deny review.
Accordingly, we reverse the eighteenmonth term of imprisonment imposed as a condition of probation and remand for resentencing in accordance with Villery v. Florida Parole & Probation Commission, supra. See Rodriguez v. State, 390 So.2d 143 (Fla. 3d DCA 1980).
Affirmed in part; reversed in part.
NOTES
[1] Even before Villery, we held that a prison sentence not reasonably related to the purpose of probation was illegal. Cunningham v. State, 385 So.2d 721 (Fla. 3d DCA 1980); Freeman v. State, 382 So.2d 1307 (Fla. 3d DCA 1980); Geter v. Wainwright, 380 So.2d 1203 (Fla. 3d DCA 1980); Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979).
[2] The position taken by the State is not confined to the present case. It has repeatedly urged that sentencing errors are to be corrected by trial courts, not by us.
[3] The court's primary holding was that Noble's notice of appeal reciting that he sought review of the "judgment and conviction" was sufficient to raise for consideration the sentencing error, and review should not have been denied on that ground.
[4] It appears that we may have overlooked Noble in Jenrette v. State, 373 So.2d 718 (Fla. 3d DCA 1979), where, on the authority of Engel, we relegated a defendant to a Rule 3.850 proceeding where he sought our review of the lawfulness of dual sentences for (a) display of a firearm during the commission of an aggravated battery and (b) aggravated battery. See Jenrette v. State, 390 So.2d 781 (Fla. 3d DCA 1980).
[5] It does not appear that expediency was considered in Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980), where the court, having reviewed the several errors raised on appeal, refused to review a sentencing error on the basis that it had not been raised below. Again, this was done without prejudice to the defendant seeking Rule 3.850 relief. The court relied on Engel, a case of questionable authority. See discussion, supra.
[6] In Jenrette v. State, 373 So.2d 718 (Fla. 3d DCA 1979), we refused to hear the sentencing error raised by the defendant without prejudice to his right to raise the error in a Rule 3.850 motion in the trial court. The trial court then granted Jenrette relief and set aside his sentence for possession of a firearm in the commission of an aggravated battery. Jenrette appealed from this ruling, contending that he was entitled to have the sentence on aggravated battery set aside. Jenrette v. State, 390 So.2d 781 (Fla. 3d DCA 1980). We rejected this contention, but did set aside his conviction for possession of the firearm. Jenrette's first appeal to us was decided August 7, 1979; his second on November 25, 1980. Had we considered Jenrette's contention the first time, his matter would have been totally resolved two proceedings and a year and a half earlier.
[7] By affirming judgments and sentences without prejudice to a Rule 3.850 motion, we necessarily add to the confusion of the trial court. Since it is a time-honored rule that fundamental error may be considered when raised for the first time on appeal, see, e.g., Noble v. State, 353 So.2d 819 (Fla. 1977); Butler v. State, supra, or even if never raised by a party, Cunningham v. State, supra; Washington v. Davis, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), our "affirmance" may be thought to mean that we did not view the error as fundamental. We thus invite the trial court to deny the Rule 3.850 motion on the basis that the error was waived by the defendant's failure to object.