FERGUSON, Judge.
Appellant was convicted of second degree murder, unlawful possession of a firearm while committing a felony, and possession of a short-barrelled shotgun. For the murder conviction appellant was adjudicated guilty, placed on probation for a period of twenty (20) years with the special condition that he serve fifteen (15) years in the state prison. Appellant alleges that the trial court erred in, (1) refusing to give written requested instruction on the question of insanity and intoxication and (2) imposing a long jail sentence as a condition of probation.
We find the first argument to be without merit and will address only the second point of this appeal.
The Supreme Court has ruled, subsequent to the sentence herein, that incarceration as a condition of probation which exceeds one year is unlawful. Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1980). Villery is expressly made retroactive.
The State urges here, as it did in Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981), that if defendant is to be relieved of the illegal sentence, relief should come from the trial court on a motion under Rule 3.850, Fla.R.Crim.P. We agree that it is more expeditious and less expensive to present sentencing questions to the trial court under Rule 3.850 and we have encouraged defendants to adopt such a course. Gonzalez v. State, supra; Ruiz v. State, 384 So.2d 723 (Fla. 3d DCA 1980); Abraham v. State, 382 So.2d 382 (Fla. 3d DCA 1980). However, appellate courts are obligated to consider appeals based on fundamental error even where the issue was not raised in the trial court. Absent legislative authority, the imposition of a long mandatory jail term which precludes the potential for parole is fundamental error. Gonzalez, supra; Cunningham v. State, 385 So.2d 721 (Fla. 3d DCA 1980); Hamm v. State, 380 So.2d 1101 (Fla. 2d DCA 1980).
We affirm in part, reverse in part, and remand for resentencing in accordance with Villery, supra.