PER CURIAM.
This is an appeal from an order of the Circuit Court of Dade County denying appellant’s motion to correct sentence.
The appellant was convicted of nine various crimes after entering pleas of guilty. Sentence was imposed as follows:
The imposition of sentence be stayed and withheld and you be placed on probation and released into the custody of the Florida Probation and Parole Commission for a term of ten (10) years, subject to terms and conditions to be set forth by further order of this Court. Provided, however, that as a condition of probation you be imprisoned by confinement at hard labor in the State Penitentiary for a term of six (6) years, credit to be given you for time served in the Dade County Jail prior to sentencing, to-wit: one (1) day.
Subsequently an affidavit of violation of probation was filed. Based thereon, the court entered an order of modification of probation as follows:
That the probation be extended to 12 years with a special condition that the subject serve 8 years S. P. [in the “State Penitentiary”] as of 6-11-79.
The appellant filed a motion to correct sentence pursuant to Rule 3.800 Florida Rules of Criminal Procedure which was denied.
It is appellant’s contention in this appeal that the trial judge erred in imposing eight years' incarceration in the state prison as a special condition of twelve years of probation. We agree that the court erred in denying the motion to correct the sentence.
*1264 A lengthy prison term which has the effect of precluding parole before the term expires should not be imposed as a condition of probation.
In Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1980), our Supreme Court has held that a probation condition of incarceration which equals or exceeds one year is invalid. Accord, Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981); Rodriguez v. State, 390 So.2d 143 (Fla. 3d DCA 1980).
Accordingly, we reverse the six year term of imprisonment imposed as a condition of probation and remand for resentenc-ing in accordance with Villery, supra.
Affirmed in part; reversed in part.