PER CURIAM.
Harris appeals his conviction and sentence for felony petit theft. Subsection 812.014(2)(c), Fla.Stat. (1979). We affirm the conviction, but reverse the sentence and remand for resentencing.
As provided in Subsection 812.014(2)(c), Florida Statutes (1979), petit theft is normally a misdemeanor. The statute, however, specifically provides that “[ujpon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and s. 775.-084.” Therefore, in order to be sentenced under the felony provisions of Subsection 812.014(2)(c), the offender must have been convicted twice previously of a petit theft. At sentencing, however, the trial court indicated it considered two previous convictions, one for petit larceny and one for attempted petit larceny, as the basis for the appellant’s enhanced sentence. Since the statute does not permit consideration of the attempted petit larceny conviction, the trial court erred in sentencing Harris.
The appellant also asserts that Subsection 812.014(2)(c) does not permit consideration of convictions for petit larceny under former Section 812.021, Florida Statutes. There is no distinction between these two statutes for the purpose of sentencing under Subsection 812.014(2)(c). We, therefore, reverse the sentence and remand the cause for resentencing.
MILLS, BOOTH and LARRY G. SMITH, JJ., concur.