402 So.2d 1232 (1981)
Jimmy Laverne CANTY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-918.
District Court of Appeal of Florida, Fifth District.
July 29, 1981.
Rehearing Denied September 2, 1981.
*1233 James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant Canty was adjudicated guilty of armed robbery in violation of section 812.13, Florida Statutes (1979) and sentenced to thirty years imprisonment with the trial court retaining jurisdiction over the first one-third of the sentence. It is this judgment and sentence that Canty has appealed.
First, Canty appeals the trial court's denial of his motion for new trial. The motion was not filed until after the notice of appeal was filed. Since the motion for new trial was untimely filed, the trial court was without jurisdiction to hear it. State v. Florida State Turnpike Authority, 134 So.2d 12 (Fla. 1961); State v. Farmer, 384 So.2d 311 (Fla. 5th DCA 1980).
Second, Canty argues on appeal that the trial court erred in retaining jurisdiction over the first one-third of his sentence without stating the reasons on the record pursuant to section 947.16(3)(a), Florida Statutes (1979). This point was not raised before the trial court. It concerns a procedural error which is not fundamental; therefore, it cannot be raised for the first time on appeal. Jones v. State, 384 So.2d 956 (Fla. 5th DCA), pet. for res. denied, 392 So.2d 1375 (Fla. 1980); Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980), approved, 394 So.2d 407 (Fla. 1980); Cf., Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
Accordingly, the judgment and sentence of appellant are affirmed.
AFFIRMED.
DAUKSCH, C.J., and SHARP, J., concur.