ON MOTION TO DISMISS
ORFINGER, Judge.
The State moves to dismiss this appeal contending that the issues on appeal were not preserved for appellate review because the sentence is not appealed, only the adjudication of guilt.
The notice of appeal was filed after the jury verdict of guilty, but before the entry of the judgment, but it appealed “the final judgment adjudicating guilt.” Thus, cases such as Smith v. State, 395 So.2d 575 (Fla. 5th DCA 1981), where only the verdict was appealed, are inapposite. The State concedes that under Williams v. State, 324 So.2d 74 (Fla.1975), the notice of appeal remains in a state of limbo until the judgment is rendered, at which time the notice of appeal matures and vests jurisdiction in the appellate court. Id. at 79. However, the State asserts that a notice of appeal is only effective to raise matters which occur prior to the time the notice is filed (or here, prior to its becoming effective), Velickovich v. Ricci, 391 So.2d 258 (Fla. 4th DCA 1980), and sentencing occurs after the judgment of guilt is entered. Therefore, says the State, alleged sentencing errors cannot be raised here without a new or amended no *1373 tice of appeal specifically addressed to the sentence.
In Noble v. State, 353 So.2d 819 (Fla.1977), the Supreme Court addressed this same issue[1] and held that an appeal from an adjudication of guilt permitted the appellate court to consider alleged sentencing errors despite the absence of any language in the notice of appeal indicating that the appellant intended to appeal the sentence, where the issue was clearly raised in the appellate proceedings and no prejudice was shown by the State. The State’s response here alleges no prejudice but relies simply on the fact that the notice of appeal does not refer to the sentence. Under Noble, we are compelled to disagree. See Abraham v. State, 382 So.2d 382 (Fla.3d DCA 1980).
The motion to dismiss is DENIED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. The Supreme Court found conflict between the decision of Noble v. State, 338 So.2d 904 (Fla. 1st DCA 1976) and State ex rel. Poe v. Allen, 196 So.2d 745 (Fla.1967).