423 So.2d 398 (1982)
Gary Basil PUGH, Appellant,
v.
STATE of Florida, Appellee.
No. AJ-103.
District Court of Appeal of Florida, First District.
October 29, 1982.
On Rehearing December 8, 1982.
Melanie Ann Hines, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Pugh appeals from the judgment and conviction of felony petit theft.[1] After a careful and thorough review of the record on appeal, we find sufficient basis on which to rest our affirmance of the trial court's denial of Pugh's motions for judgment of acquittal and for a new trial. Further, the trial court did not err in admitting into evidence the stolen property; sufficient chain of custody was demonstrated by the state.
Nevertheless, we are concerned with the actual judgment and sentence for felony petit theft. Section 812.014(2)(c), Florida Statutes, under which Pugh was charged and convicted, creates the substantive offense of felony petit theft. It essentially provides for enhanced punishment, by elevating the offense from a second degree misdemeanor to a third degree felony upon the third or subsequent conviction for petit theft. However, the fact of the prior convictions *399 is not brought to the jury's attention during trial, but is developed in a subsequent, separate hearing, in order not to destroy the presumption of innocence in favor of the defendant. State v. Harris, 356 So.2d 315, 317 (Fla. 1978). Therefore, in order to be sentenced under the felony provisions of the statute, the defendant must have been convicted at least twice previously of petit theft. Harris v. State, 400 So.2d 1296 (Fla. 1st DCA 1981).
In the instant case, the record is insufficient to establish the historical fact of prior convictions and to resolve questions regarding identity. At a separate hearing following the jury's verdict, defense counsel objected to the state's proffer of prior convictions, contending two of the prior convictions were rendered on the same day and were therefore to be treated as one conviction, Shead v. State, 367 So.2d 264 (Fla.3d DCA 1979); the proffer did not indicate for what offense the convictions were entered; and an alleged "third" conviction did not carry with it the proper identification. The court, agreeing, set an evidentiary hearing, but thereafter, the record is silent as to any such hearing except that Pugh was ultimately sentenced to five years for felony petit theft.
Because the error in sentencing could cause Pugh to be incarcerated for a greater length of time than the law permits, it is fundamental, and we must consider it although Pugh could otherwise challenge it via a Rule 3.850 motion. Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982); Gonzalez v. State, 392 So.2d 334 (Fla.3d DCA 1981). The judgment and sentence are therefore reversed and vacated and the cause is remanded with directions that the trial court reconsider both, consistent with this opinion.
MILLS and ERVIN, JJ., concur.

ON MOTION FOR REHEARING
WIGGINTON, Judge.
Having considered appellee's motion for rehearing, we grant the motion. It was brought to our attention that counsel for the parties stipulated to the existence of other prior convictions for petit theft, aside from those included in the current record on appeal, and to their sufficiency to support felony petit theft sentencing treatment in this case. Accordingly, the judgment and sentence are hereby AFFIRMED.
MILLS and ERVIN, JJ., concur.
NOTES
[1] Counsel for Pugh filed its brief in accordance with the procedures set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pugh, himself, did not file a brief, although he was given opportunity to do so.