425 So.2d 1197 (1983)
Samuel S.J. ALEXANDER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2271.
District Court of Appeal of Florida, Second District.
January 28, 1983.
*1198 Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Samuel Alexander appeals an order of the trial court assessing him with court costs and retaining jurisdiction over the first third of his sentence. We strike the portion requiring that he pay costs and also strike other portions requiring that he pay a fine, restitution and medical bills as conditions of any future parole. In all other respects we affirm.
At the sentencing hearing the trial court adjudicated appellant guilty of attempted second degree murder with a deadly weapon and sentenced him to 15 years imprisonment. It retained jurisdiction over the first third of the sentence without stating any reasons for doing so. It then pronounced:
I am also imposing a $1000 fine plus $80 in Court costs to be paid within the first five years of your incarceration or as a condition of any parole that you might receive... . I am also going to order that you make restitution to the doctors and the hospital ... and I am going to order that that be paid within 15 years or as a condition of any parole that you might receive.
The court's final written order totally conformed to its pronouncements at the hearing.
Appellant argues first that we should strike the court costs. Prior to trial, the court adjudged him "partially insolvent," not "insolvent," and appointed the public defender to represent him. Section 939.15, Florida Statutes (1981), provides that the county in which the crime was committed shall pay the defendant's costs if he has been adjudged "insolvent."[1] We deem it proper in this particular case to strike the costs pursuant to section 939.15.
Appellant contends next that we should vacate the retention of jurisdiction and remand with directions that the court satisfy the individual particularity requirement of section 947.16(3)(a), Florida Statutes (1981). A court's failure to satisfy this individual particularity requirement is a procedural error. Canty v. State, 402 So.2d 1232 (Fla. 5th DCA 1981); Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA 1981). Appellant did not object when this error occurred. Hence, he cannot raise this issue on appeal. Canty; cf. Williams v. State, 414 So.2d 509 (Fla. 1982).
In reviewing the sentencing order we could not help but observe that portions of the order required that appellant pay the fine, costs, restitution and medical bills either during incarceration or as conditions of parole. While a court is not precluded from recommending conditions of parole, Owens v. State, 308 So.2d 171 (Fla. 1st DCA 1975), the Parole and Probation Commission is solely vested with the power to establish conditions of parole. § 947.13(1)(b), Fla. Stat. (1981). In our view, these portions of the order here amounted to an improper establishment of conditions of parole.
Accordingly, we affirm the final order of conviction and sentence but remand with *1199 directions that the court strike the portion of the order requiring that appellant pay costs and strike the portions requiring that he pay the fine, restitution and medical bills as conditions of parole.
AFFIRMED and REMANDED with directions.
OTT, C.J., and CAMPBELL, J., concur.
NOTES
[1] We note that the court adjudged appellant "insolvent" for purposes of appeal.