442 So.2d 977 (1983)
Bennie Lee WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. AQ-424.
District Court of Appeal of Florida, First District.
October 11, 1983.
Rehearing Denied December 14, 1983.
*978 Michael Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Andrew Thomas, Asst. Atty. Gen., for appellee.
MILLS, Judge.
After being convicted of trafficking in stolen property, Walker was sentenced as an habitual felony offender. Section 775.084, Florida Statutes (1981). He appeals that sentence, contending that the trial court erred in failing to state the underlying facts and circumstances upon which it relied in finding that an extended sentence was necessary for the protection of the public from further criminal activity by him.
An examination of the record shows that Walker did not raise this objection below. Therefore, any error in sentencing has not been preserved for review on direct appeal. Jones v. State, 384 So.2d 956 (Fla. 5th DCA 1980).
The appeal is dismissed without prejudice to Walker raising this issue by a Rule 3.850 motion. Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA 1981).
Appeal dismissed.
SHIVERS and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING DENIED
MILLS, Judge.
Walker argues that the trial court's sentencing error was fundamental error and, thus, can be considered on appeal although no objection was made in the trial court. We do not agree that the error is fundamental and deny his motion.
A sentencing error is fundamental when it causes a defendant to be incarcerated for a greater length of time than the law permits. Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1982). That is not the case here. Walker has not questioned that facts and circumstances exist which justify his enhanced sentence. The record shows clearly their existence.
*979 The error here is procedural. Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA 1981); Alexander v. State, 425 So.2d 1197 (Fla. 2d DCA 1983); Canty v. State, 402 So.2d 1232 (Fla. 5th DCA 1981). Walker contends merely that the underlying facts and circumstances justifying the sentence were not stated by the trial court as required by statute. Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979); Roberts v. State, 402 So.2d 1364 (Fla. 1st DCA 1981). To preserve this procedural error on appeal, it was necessary that Walker object in the trial court. Sawyer, supra; Alexander, supra; McFadden v. State, 423 So.2d 456 (Fla. 4th DCA 1982); Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980). He did not.
Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981), does not conflict with nor control the decision in this case. The sentence imposed by the trial court in Gonzalez was clearly unlawful and was fundamental error. The trial court placed the defendant on probation for three years on condition that she be imprisoned for 18 months. This violated the Supreme Court's decision in Villery v. Fla. Parole and Prob. Comm., 396 So.2d 1107 (Fla. 1980). It is noteworthy that the State agreed that the sentence was unlawful.
Likewise, Noble v. State, 353 So.2d 819 (Fla. 1978), does not control this case. The sentence imposed by the trial court in Noble was unlawful and fundamental error. The sentence provided that Noble serve five years imprisonment at hard labor, the initial three to be served with no credit for good time or gain time and the following two to be stayed while Noble was on probation.

ON MOTION FOR REHEARING EN BANC DENIED
Walker contends this decision is contrary to Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982), and Pugh v. State, 423 So.2d 398 (Fla. 1st DCA 1983), and moves for en banc consideration. We deny this motion because this case is not contrary to the cited cases as shown hereafter.
This Court's decision in Polk v. State, supra, does not conflict with this case. In Polk, the trial court revoked the defendant's probation and sentenced him to two years imprisonment but failed to allow 87 days of credit time already spent in jail.
This is fundamental error which is governed by Gonzalez.
Judge Wentworth who authored Polk recognizes this distinction because she authored the decision in Gilvin v. State, 429 So.2d 1355 (Fla. 1st DCA 1983), and joined in similar decisions in Lepper v. State, 431 So.2d 295 (Fla. 1st DCA 1983); and Johnson v. State, 403 So.2d 1148 (Fla. 1st DCA 1981), all adhering to the Sawyer decision. The Gilvin, Lepper and Rinehart decisions were written after the Polk decision.
Nor does Pugh v. State, supra, conflict with this case. Judge Wigginton stated in Pugh:
[T]he record is insufficient to establish the historical fact of prior convictions and to resolve questions regarding identity. At a separate hearing following the jury's verdict, defense counsel objected to the state's proffer of prior convictions, contending two of the prior convictions were rendered on the same day and were therefore to be treated as one conviction, Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979); the proffer did not indicate for what offense the convictions were entered; and an alleged "third" conviction did not carry with it the proper identification. The court, agreeing, set an evidentiary hearing, but thereafter, the record is silent as to any such hearing except that Pugh was ultimately sentenced to five years for felony petit theft.
This, too, is an unlawful sentence and fundamental error. It should be pointed out that this decision should have been withdrawn and has no validity. On motion for rehearing, it was pointed out that the parties had stipulated to the sufficiency of prior petit theft convictions to support the sentencing in this case; thus, this Court *980 reversed its prior decision and affirmed the trial court.
SHIVERS and ZEHMER, JJ., concur.