443 So.2d 510 (1984)
Freddie Bee JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. AS-347.
District Court of Appeal of Florida, First District.
January 18, 1984.
Michael Allen, Public Defender, and Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
James appeals the trial court's order revoking his probation and the judgment and sentence imposed after revocation. We affirm *511 the order revoking probation and the resulting adjudication of guilt of the subject felony.
The appellant complains that the sentence which was imposed after revocation did not give him credit for the ten months county jail time he had served as a condition of probation.
The State asserts that the appellant may raise the alleged sentencing error only by a Fla.R.Cr.P. 3.850 motion, not by direct appeal from the sentence. We reject this assertion. See Walker v. State, 442 So.2d 977 (Fla. 1st DCA 1983); Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982).
At the sentencing hearing, the trial judge announced that he was giving the defendant credit for the time he had already served by imposing a four year term instead of a five year term which he would have otherwise imposed. This is improper under Section 921.161(1), Florida Statutes (1981), which provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
The revocation order and judgment are AFFIRMED. The sentence is VACATED and this cause is REMANDED to the trial court for resentencing. Although the defendant may be sentenced up to a maximum of five years, the new sentence shall specifically credit the defendant with all time which the defendant has served in connection with the subject charge.
SMITH and WIGGINTON, JJ., concur.