471 So.2d 70 (1984)
Willie Lee MURRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1750.
District Court of Appeal of Florida, Fourth District.
July 5, 1984.
Rehearing Denied June 26, 1985.
*71 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Approaching a woman at a car wash, appellant and another male forced her at gunpoint to leave with them in her car. Appellant drove, while his codefendant pointed the gun, threatened their victim, and went through her purse for money. Appellant parked, and the two men each committed sexual battery upon their victim. They also took a necklace that she was wearing. The two men then drove to a wooded area a short distance away, where appellant and the victim exited the car. The victim was permitted to walk away, and appellant shot her in the head, destroying the sight in one eye and impairing her vision in the other. The two then drove away in her car.
The victim was able to summon help, and appellant was arrested and charged with kidnapping, two counts of sexual battery, armed robbery, and attempted first degree murder. He was given a trial by jury, which resulted in convictions on five counts: one for kidnapping without a firearm, two for sexual battery with a firearm, and one each for robbery with a firearm and attempted manslaughter with a firearm. The trial court entered a judgment accordingly, but designated all offenses as capital or "CAP". It sentenced appellant to 100 years' imprisonment on each of the first four counts and 15 years on the fifth, all to run consecutively, and applied the three year minimum mandatory provisions for crimes using a firearm. Additionally, the judge retained jurisdiction over thirty years of the second sentence. This appeal follows.

I.
The first issue warranting discussion is whether the trial court erred in *72 instructing the jury on the crime of attempted manslaughter. We conclude that it was error for the trial court to instruct as it did, even though appellee is correct in saying that the defense invited the error. This fact has been held to be irrelevant by the Florida Supreme Court in Achin v. State, 436 So.2d 30 (Fla. 1982), where the invited error permits conviction of a nonexistent crime.
In the instant case, the trial court instructed the jury that attempted manslaughter could result from the act, procurement or culpable negligence of the defendant. In this instruction, it melded the two forms of manslaughter, one resulting from an intentional act, and the other from culpable negligence. The Florida Supreme Court has recently held that there is no crime of attempted manslaughter where the underlying action is culpable negligence. Taylor v. State, 444 So.2d 931 (Fla. 1983). Because the trial court combined both forms in the attempt instruction, the jury might have convicted appellant of attempted manslaughter through culpable negligence, particularly in view of appellant's closing argument. Therefore, appellant cannot stand convicted of attempted manslaughter, despite counsel's requested instruction. We recognize that the trial court did not have the benefit of Taylor, which was decided in December, 1983, months after the trial of this case. No doubt it would be more popular to pass the error off as harmless, given the heinous nature of appellant's acts and the overwhelming evidence of an intention to kill on his part. Notwithstanding the foregoing, the jury was led to believe in the criminality of a set of circumstances that were not in fact criminal. No one on this court is capable of reading the jurors' minds in their reaction to the incorrect instruction. We take considerable solace in the fact that we are affirming convictions and lengthy sentences in connection with the other crimes that are commensurate with appellant's ruthless deprivation of the victim's sense of sight and violation of her body and emotional tranquility. Accordingly, we reverse only the conviction and sentence of attempted manslaughter and remand for new trial.

II.
Three year mandatory minimums were applied by the trial court to the sexual battery convictions, the robbery count, and attempted manslaughter. As has been previously discussed, the attempted manslaughter conviction must be reversed, so any sentencing error with regard to it need not be pursued at this time. The second issue, then, is how to apply Palmer v. State, 438 So.2d 1 (Fla. 1983), to the facts at bar. In Palmer, the Florida Supreme Court refused to allow imposition of multiple mandatory minimums for a number of offenses arising from the same criminal episode. Consecutive mandatory minimums are permissible, according to Palmer, where the underlying offenses arise from "separate incidents occurring at separate times and places." Id. at 4. Here, the sexual batteries occurred at the same place as the result of a continuing unit of criminal activity, so consecutive minimum mandatories were improper with regard to these two offenses.
Whether the robbery conviction was a separate incident is a more difficult question, as the items were taken at different times. The money was stolen as the two men transported the victim from the scene of the abduction, the necklace after the batteries, and the car after the sexual batteries and movement to another area. It would appear that the robbery with respect to the money taken while the victim was held at gunpoint in her car and the theft of the car after the sexual batteries in a different location are separate criminal incidents. See Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984) (on rehearing); Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984). The necklace was taken at the same *73 place and at a closer time proximity to the sexual batteries, making it less separable from the batteries. Taken as a whole, we view the robberies as having been a separate criminal unit of activity that primarily did not take place at the same time and locale as the sexual batteries. Correctly, then, while the trial court could assess only concurrent mandatory minimums for the sexual batteries, it properly required an additional three years for the armed robbery.
Accordingly, we remand for correction of the sentences in accordance with this opinion. Appellant need not be present.

III.
The parties agree that the entry of "CAP" in the portion of the judgment pertaining to the degree of crime was erroneous. Appellee, however, claims that because appellant did not object to these errors at trial he cannot raise them on appeal. First, it is not clear that appellant ever saw the written judgment designating the degrees of offense at the trial level. It was not recited orally at the sentencing hearing, so it is possible that appellant was not aware at that point that there was anything to which he ought to object.
More important, sentencing errors which may result in a defendant's prolonged incarceration must be considered fundamental, and correctable by appellate proceedings, Pugh v. State, 423 So.2d 398 (Fla. 1st DCA), dismissed, 426 So.2d 28 (Fla. 1982); Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981). Furthermore, since this error was obvious through examination of the judgment, this court can grant relief without requiring prior consideration by the trial court. Gonzalez v. State, 392 So.2d at 337. Accordingly, we remand for correction of the sentences for which appellant need not be present.

IV.
In all other respects the judgment and sentences are affirmed together with the trial court's retention of jurisdiction.
HERSEY and WALDEN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We grant appellee's motion for rehearing and withdraw so much of the opinion in Murray v. State, 471 So.2d 70 (Fla. 4th DCA 1984) as concerns Murray's conviction of and sentence for attempted manslaughter and is affected by our former reversal of that conviction. On authority of Tillman v. State, 471 So.2d 32 (Fla. 1985), we now affirm Murray's conviction of and sentence for attempted manslaughter, on the ground the issue as to whether the jury instruction was flawed was not properly preserved for appeal. We think also that the attempted manslaughter was sufficiently removed from the other crimes in both time and space dimensions to justify the separate consecutive sentence and separate three year minimum special provision under section 775.087(2). Otherwise the July 5, 1984, opinion stands.
HERSEY, GLICKSTEIN and WALDEN, JJ., concur.