466 So.2d 256 (1985)
Edward M. BROSZ, Appellant,
v.
STATE of Florida, Appellee.
No. 84-601.
District Court of Appeal of Florida, Fifth District.
February 7, 1985.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
*257 Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Brosz appeals from a judgment and sentence for sexual battery. He contends his sentence was imposed in error. We agree.
Brosz was sentenced under the sentencing guidelines. Section 921.001, Florida Statutes (1983), provides for the applicability of the sentencing guidelines as follows:
(4)(a) The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.
Here, Brosz committed sexual battery in violation of section 794.011(2), Florida Statutes. This crime remains a capital offense. See Rusaw v. State, 451 So.2d 469 (Fla. 1984). Since this case involved a capital felony, the sentencing guidelines clearly do not apply.
The state's argument that the error was waived, if not invited, is without merit. The trial court had no legislative authority to sentence Brosz under the sentencing guidelines. Such error is fundamental and may be raised for the first time on appeal. See Pettis v. State, 448 So.2d 565 (Fla. 4th DCA 1984); Warmble v. State, 393 So.2d 1164, 1165 (Fla. 3d DCA 1981). And, due to the prosecutor's initiation of the sentencing guidelines error, this is not an appropriate case for application of the invited error doctrine.
Judgment AFFIRMED; sentence REVERSED and REMANDED for resentencing.
ORFINGER and SHARP, JJ., concur.