RYDER, Chief Judge.
Lester Williams appeals the summary denial of his pro se motion for mitigation or reduction of sentence. We recognize that the denial of a motion to mitigate is not appealable. Davenport v. State, 414 So.2d 640 (Fla. 1st DCA 1982). However, we regard Williams’ motion as seeking correction of an unlawfully excessive sentence, an issue which may be raised at any time. Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
Williams entered pleas of guilty to burglary of a conveyance, a third degree felony proscribed by section 810.02, Florida Statutes (1983), and to resisting arrest without violence, a misdemeanor, section 843.02, Florida Statutes (1983). Standard sentence forms included in the record on appeal indicate Williams received a sentence of “time served” for the misdemean- or and “five and one-half years with credit time” for the felony. Since Williams does *36 not appear to have been sentenced as a habitual offender, we must conclude he has made a prima facie showing that the felony sentence is excessive.
This case is remanded to the trial court with directions to correct the sentence or to attach sufficient portions of the record to demonstrate why Williams should not receive the relief he seeks. If the trial court again denies the motion, Williams must file a notice of appeal within thirty days in order to obtain further appellate review.
REVERSED.
GRIMES and SCHOONOVER, JJ., concur.