SANDERS, E.P.B., Associate Judge.
The defendant appeals sentences he received for crimes committed in 1982 and 1986.
In the 1982 case, the defendant was sentenced to 12 years probation but appealed because he was unrepresented at the sentencing hearing. The trial court then resentenced the defendant, this time to 15 years probation. On appeal, the defendant contends that, because this sentence exceeded his prior sentence, it is presumptively vindictive pursuant to North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We disagree.
In Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991), this court recognized that the presumption recognized in Pearce arises only where there is a reasonable likelihood of vindictiveness on the trial court’s part. “Absent proof of an improper motive — or some sound reason to suspect the existence of one — no reasonable apprehension of vindictiveness can flourish.” Wood at 581-82 (quoting United States v. Pimienta-Redondo, 874 F.2d 9, 12-14 (1st Cir.), cert. denied, 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989)). Because we find no evidence of vindictiveness whatsoever, we hold that the sentence is valid. We do, however, recognize that the defendant is entitled to credit for the approximately three years he has already spent on probation. See Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991). Therefore, we reverse and remand for correction of defendant’s sentence to reflect this credit.
We find the defendant’s second point on appeal regarding the 1986 case to be without merit and therefore affirm the defendant’s sentence in that case.
REVERSED and REMANDED in part; AFFIRMED in part.
COBB and W. SHARP, JJ., concur.