HARRIS, J.
By uttering forged instruments, Darlene M. Hennessey, petitioner herein, was able to steal over $30,000 from her employer. She pled nolo contendere to uttering a forged instrument and grand theft, second degree. On the first count, she was sentenced to “six months” in jail to be followed by two years of community control and three years probation.[1] On count two, she received a concurrent sentence of “six months” in jail to be followed by two years community control and ten years probation. She was given credit for 63 days spent in jail before the sentence. She was required to pay $33,863.62 in restitution.
Shortly after her release from incarceration in the County Jail, Hennessey was charged with violating community control by, among other reasons, testing positive for cocaine. She was also behind in making her payments and meeting the reporting requirements of her community control. She pled nolo contendere and was sentenced to 362 days in County Jail followed by ten years probation/community control. The judge gave her credit for the 62 days she spent in jail awaiting her hearing on violation of probation but refused to grant her credit for the original 146 days spent on the original sentence prior to violating community control. The defendant raised no objection.
Hennessey has filed an appeal of the judge’s sentence, which appeal is now progressing. She has now filed this Petition for Writ of Habeas Corpus claiming that she is entitled to immediate release because she has now spent sufficient time in jail, together with the additional credit to which she claims entitlement, to satisfy the incarceration requirement of her latest sentence.
It is apparent that the trial judge, by sentencing her only to jail and not prison, wanted her to serve an additional 362 days in jail to better get her attention. The initial “six-month” term simply didn’t work. But the legislature has mandated that a “sentence of imprisonment” shall “allow a defendant credit for all of the time she or he spent in the county jail before sentence.” Section 921.161(1), Fla. Stat. Although we would limit this provision to mean that when the court determines in its initial sentence that a certain amount of incarceration in prison is appropriate for the offense committed it should give credit for the time defendant spent “in county jail” awaiting trial and sentence, other courts, including the supreme court, have given it a much broader reading. In State v. Mancino, 714 So.2d 429, 433 (Fla.1998), the court held, “a sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a *1128 defendant with time served.” This means that although the intended additional 362 days is well within the statutory authority, it is an illegal sentence because it does not credit the original “six-month” sentence. If the court wishes to impose an additional 362 days, it must do so by sentencing the defendant to 508 days in prison with credit for 146 days previously spent incarcerated.
Because we do not believe that the court would have imposed the present sentence had it been aware of the requirement to give credit for the six months previously spent, we remand to the trial court for reconsideration of sentence. Imposing its initially intended requirement that defendant spend an additional 362 days incarcerated, if it elects to do so, would not be a vindictive sentence. See James v. State, 443 So.2d 510 (Fla. 1st DCA 1984) (record clearly demonstrated that court actually gave defendant credit for time he had already served by imposing 4-year term instead of 5-year term which it would have otherwise imposed, so case remanded to sentence correctly while still effectuating court’s intended sentence); Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990) (if illegal sentence has been imposed, there is no constitutional impediment to sentencing defendant to greater sentence upon resentencing, as long as judicial vindictiveness plays no part in resentencing), review denied, 576 So.2d 291 (Fla.1991), disapproved in part on other grounds, State v. Washington, 594 So.2d 291 (Fla.1992); see also Jones v. State, 617 So.2d 743 (Fla. 5th DCA 1993) (absent proof of an improper motive or some sound reason to suspect the existence of one, no reasonable apprehension of vindictiveness).
We therefore remand to the trial court to either correct its original sentence to reflect its initial intent in a lawful manner or to release the defendant because she has served her time.
WRIT GRANTED and REMANDED for RESENTENCING or RELEASE.
SAWAYA and PALMER, JJ„ concur.

. Whether this exceeds the maximum sentence for this third degree felony has not been raised. In any event, after the violation of community control and this new sentence, the issue appears moot.