433 So.2d 1221 (1983)
Michael James WARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2281.
District Court of Appeal of Florida, Third District.
May 31, 1983.
Rehearing Denied July 25, 1983.
*1222 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
NESBITT, Judge.
The defendant appeals from the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
In 1969, the defendant allegedly committed two separate acts of rape in violation of Section 794.01, Florida Statutes (1969). In 1970, he was found incompetent to stand trial and was committed to South Florida State Hospital. The defendant escaped in 1976 and was re-arrested after allegedly committing several other crimes. Ward pled guilty to the 1976 crimes and received concurrent fifty-year terms. He also pled guilty to the 1969 rape charges and was sentenced on each, to a fifty-year term, to run concurrent with the sentences for the 1976 crimes.
The basis for the defendant's 3.850 motion is his claim that he involuntarily entered pleas of guilty to the 1969 rape charges upon the erroneous advice of counsel that, if he went to trial and was found guilty, the death penalty could be imposed.[1] The trial court reasoned that since the forcible rapes occurred in 1969, at a time when rape was a capital offense, the defendant could have received the death penalty when tried in 1976. While we agree with the trial court that the penalty to be imposed is ordinarily that in effect at the time the crime is committed, we find that the decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) alters this result.
Prior to 1972, the rape of a female of the age of ten or more was a capital offense. Furman rendered unconstitutional the statutory procedure for imposing the death penalty. As a result, those defendants who had previously been found guilty of rape and sentenced to death, received either life sentences or a term of years. See Anderson v. State, 267 So.2d 8 (Fla. 1972).
In 1972, a new procedure for invoking the death penalty was enacted, Section 921.141, Florida Statutes (Supp. 1972)[2] and the death penalty was reinstated for certain crimes. These included the rape of a female under the age of eleven but did not include the rape of a female over the age of eleven. § 794.01, Fla. Stat. (1973).
The question which arises out of this legislature scenario is whether, in light of Furman, there was a death penalty in effect for the crime of rape on the date of the defendant's actions. We have found no cases which are precisely on point; however, the state directs our attention to Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Dobbert was convicted of the first-degree murder of his daughter, second-degree murder of his son, and abuse of his third child. The murders were allegedly committed between December, 1971 and April, 1972, several months before the decision in Furman. The defendant was tried and sentenced to death under the new death penalty procedure. Dobbert argued that the application of the new procedure to a crime committed prior to Furman was an ex post facto violation. Rejecting this argument, the Supreme Court held that: (1) the change was both procedural and ameliorative; (2) the old statute served as an operative fact to warn the defendant of the penalty which could be imposed; and (3) having been sentenced to death, the defendant may not complain of burdens attached to a life sentences under the new law.
*1223 The state utilizes the second holding to support its claim here, that the death penalty was in effect in 1969. We find that there is a crucial distinction between Dobbert and the case presently before us. In Dobbert, there was a valid legislative re-enactment of the death penalty for the substantive crime which Dobbert committed. As to rape, however, the legislature only re-instituted the death penalty where the victim was eleven or younger. Therefore, while we find, and the defense concedes, that the rationale of Dobbert may be applied where the victim is under eleven, we conclude that, in the absence of a valid legislative enactment, one who committed rape of a victim over eleven prior to Furman could not be sentenced to death in 1976. Rather, sentencing should be imposed in accordance with Section 794.01, Florida Statutes (1973).
To decide whether the death penalty was a risk of trial to Ward in 1976, we need therefore determine the age of Ward's victims.[3] In Circuit Court Case No. 76-5038, the record fails to disclose the age of the victim and accordingly we must remand that case to the trial court for resolution of this factual issue. If it is determined that the victim was under eleven, then the defendant's motion for post-conviction relief must be denied because the death penalty was a permissible punishment at the time of the plea proceeding.
As to Circuit Court Case No. 76-5039, the transcript of the plea proceeding indicates that the victim was the defendant's teacher, and we obviously can assume, without a factual determination by the trial court, that the victim was over eleven. We hold that, as to this victim, the defendant could not have received the death penalty when tried in 1976 and that the advice of counsel was erroneous on this point.
The final issue necessary to our disposition of this cause is to determine whether the erroneous advice of counsel as to the maximum penalty which could be imposed, after trial, is a sufficient basis for withdrawal of a guilty plea. We hold that it is.
A plea of guilty is more than a confession which admits that the accused did the acts alleged; it is itself a conviction. Nothing remains but to give judgment and pronounce the sentence. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A necessary corollary of the seriousness with which such pleas are entered is the requirement that the defendant enter his plea knowingly and voluntarily. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). To do so, he must be made aware of the consequences of accepting or foregoing the plea bargain offered. Williams v. State, 316 So.2d 267 (Fla. 1975); Castro v. State, 419 So.2d 796 (Fla. 3d DCA 1982).
In the present case, the defendant was incorrectly informed of the consequences of forgoing the plea of bargain. This is distinguishable from the situation in Brady v. United States, supra, wherein the court stated that a plea
is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.
397 U.S. at 757, 90 S.Ct. at 1473. The death penalty was not authorized at the time the plea was entered and, thus, the plea cannot be permitted to stand.[4]
In view of the foregoing, we reverse the trial court's order denying the motion for post-conviction relief in Circuit Court Case *1224 No. 76-5039 and remand to allow the defendant to withdraw his plea and proceed to trial. In Circuit Court Case No. 76-5038, we vacate the order summarily denying the defendant's 3.850 motion with directions to grant an evidentiary hearing. If it is determined that the victim was under eleven years old, the trial court is directed to deny the defendant's 3.850 motion. Otherwise, the trial court is directed to grant the motion and allow the defendant to withdraw his plea and proceed to trial.
HENDRY, J., dissents.
NOTES
[1] The transcript of the plea proceeding supports the factual claim asserted by the defendant that he was given this advice.
[2] The Supreme Court has upheld the constitutionality of the new provision. Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
[3] This would be an easy task, but for the fact that at the time the crime was committed, the relevant age was ten or older and accordingly the indictment indicates only that the victim was ten years or more.
[4] Both sides agree that later pronouncements by the courts as to the invalidity of the death penalty in rape cases, Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); Buford v. State, 403 So.2d 943 (Fla. 1981) would not affect a plea entered in 1976.