467 So.2d 430 (1985)
William WICKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1717.
District Court of Appeal of Florida, Fourth District.
April 10, 1985.
*431 Carl L. Masztal, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
This is an appeal from a conviction and sentence imposed after violation by appellant of the condition of a plea bargain that he appear at a time certain for sentencing. Charged with trafficking in cannabis in the amount of 10,000 pounds or more, appellant pled guilty to the reduced charge of trafficking in cannabis in an amount in excess of 2,000 pounds but less than 10,000 pounds, for which he was to receive a five-year mandatory minimum sentence of incarceration with no fine. However, the trial court indicated that if appellant failed to appear for a scheduled sentencing the plea would be considered an "open plea" and that appellant would then subject himself to "15 years in Florida State Prison." Appellant indicated that he understood the terms of the plea bargain. An evidentiary basis for the plea was placed in the record.
Failing to appear for the originally scheduled sentencing hearing, appellant was ultimately sentenced to a "mandatory minimum of 15 years in Florida State Prison ... plus a $200,000 fine... ." which is appealed here.
The maximum penalty for the offense with which appellant was originally charged is thirty years' imprisonment with a fifteen-year mandatory minimum sentence, and a $200,000 fine. §§ 893.135(1)(a)3, 775.082(3)(b), Fla. Stat. (1983).
The maximum penalty for the offense to which appellant pled guilty is thirty years' imprisonment with a five-year mandatory minimum sentence, and a $50,000 fine. §§ 893.135(1)(a)2, 775.082(3)(b), Fla. Stat. (1983).
In effect appellant has been sentenced for a crime to which he did not plead guilty. Such a sentence is illegal. Appellant did *432 not agree that his plea would stand to the higher offense if he did not appear for sentencing. He nevertheless has been convicted and sentenced for violation of section 893.135(1)(a)3, Florida Statutes, when he pled guilty only to violation of section 893.135(1)(a)2. In Ward v. State, 433 So.2d 1221 (Fla. 3d DCA 1983), the court held: "A plea of guilty is more than a confession which admits that the accused did the acts alleged; it is itself a conviction. Nothing remains but to give judgment and pronounce the sentence." 433 So.2d at 1223 (citation omitted). See also McCrae v. State, 395 So.2d 1145, 1154 (Fla. 1980) ("once a plea of guilty has been accepted by a court, it is the conviction and the only remaining step is the formal entry of judgment and the imposition of sentence."), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981).
In Steinhauser v. State, 228 So.2d 446 (Fla. 2d DCA 1969), the court stated:
[A] plea of guilty ... is conclusive as to the defendant's guilt admitting all the facts charged. A judgment and sentence entered thereon are based solely upon the plea, which is in the nature of a judicial confession, and not upon any evidentiary matters extrinsically appearing and going behind such plea.
228 So.2d at 448 (emphasis added, citations omitted). See also Pensacola Lodge No. 497, Benevolent & Protective Order of Elks v. State, 74 Fla. 498, 77 So. 613, 614 (1917) (where a plea of nolo contendere is accepted, trial court should adjudge defendant convicted of the offense charged, "and the sentence which follows should impose the penalty as provided by law."), aff'd, 75 Fla. 814, 78 So. 699 (1918).
In this case, the trial court did not sentence appellant as provided by law, because it did not base the sentence on the guilty plea. Rather, it sentenced him based on the charge in the original information. The sentence was therefore illegal because it was in excess of what the law permits. Pruitt v. State, 403 So.2d 988 (Fla. 2d DCA 1980); Carvajal v. State, 392 So.2d 287 (Fla. 2d DCA 1980), rev. denied, 399 So.2d 1140 (Fla. 1981); Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979).
Appellee argues that, since appellant did not move to withdraw his guilty plea at the July hearing, he cannot be heard now to complain.
In Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981), it was held:
Clearly ... appellate courts may not reject appeals which raise ... fundamental sentencing errors even though no issue concerning the error was first addressed by the trial court.
... .
It is indisputable that an error in sentencing that causes a defendant to be incarcerated or restrained for a greater length of time than the law permits is fundamental.
392 So.2d at 336 (footnote and citations omitted). See also Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984); Reynolds v. State, 429 So.2d 1331 (Fla. 5th DCA 1983) (where sentencing error causes or requires appellant to be incarcerated for a greater length of time than provided by law, that error is fundamental and appellant is entitled to relief in any and every legal manner possible, including direct appeal, although not first presented to trial court); Polk v. State, 418 So.2d 388, 389 (Fla. 1st DCA 1982) ("[a]lthough a sentencing error may be remedied by the trial court pursuant to a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, it may also be raised by way of direct appeal.").
The judgment of conviction and sentence are vacated. We remand to the trial court to (1) allow appellant an opportunity to withdraw his plea and go to trial on the charges contained in the information, or (2) resentence appellant within the parameters of the plea agreement. Forbert v. State, 437 So.2d 1079 (Fla. 1983); Gamble v. State, 449 So.2d 319 (Fla. 5th DCA 1984).
REVERSED and REMANDED.
DOWNEY and BARKETT, JJ., concur.