496 So.2d 252 (1986)
Edmund Alfred ADAMO, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2589.
District Court of Appeal of Florida, Fourth District.
October 29, 1986.
Channing E. Brackey and David R. Smith, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The appellant, an attorney, was initially charged, in two counts, with leaving the scene of an accident, and tampering with evidence. Based on an agreement with the state, he entered an open plea of guilty to the tampering charge. Following sentencing, the other count was nolle prossed in accordance with the pre-plea negotiations. At the sentencing the defendant was adjudged guilty and placed on five years' probation. As a special condition of probation he was ordered to make restitution to the victims of the accident.
The appellant contends that the penalty imposed is disproportionate to the crime, constituting a cruel and unusual punishment, and a violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. He also contends that the restitution is not a valid condition of his probation, and asks that it be stricken.
*253 The state argues that the appeal must be dismissed because appellant, by his guilty plea and express waiver on the record, has lost his right to a direct appeal. We disagree with this contention. An alleged illegal sentence may be attacked either pursuant to Rule 3.850, Florida Rules of Criminal Procedure, or by appeal. See Wickett v. State, 467 So.2d 430 (Fla. 4th DCA 1985); Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981). See also Noble v. State, 353 So.2d 819 (Fla. 1977). There is no reason to distinguish a challenge to a probation condition from any other claim of fundamental sentencing error.
The appellant's constitutional challenge is based on the perceived disproportionate burden of Bar discipline that he must face as a result of having been adjudicated guilty of a felony. His claim is based on the principles enunciated in Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), and Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). A criminal sentence must be proportionate to the crime for which the defendant has been convicted. Solem at 290, 103 S.Ct. at 3009. However, those cases, and the extensive body of law reviewed in Solem, are clearly distinguishable. There is obviously no relationship to the suspension or disbarment of an attorney under the Integration Rule and a criminal sentence, even if they do arise out of the same incident. Disciplinary action is simply not a criminal sentence. We conclude that the fact that the defendant may suffer suspension or disbarment following adjudication does not convert an otherwise valid sentence into a disproportionate one.
Appellant also contends that the trial court was without authority to require restitution as a condition of probation because the victims' losses were caused by the accident, and not by his removal or concealment of the automobile following the accident. See Fresneda v. State, 347 So.2d 1021 (Fla. 1977). See also Grubbs v. State, 373 So.2d 905 (Fla. 1979); Barnes v. State, 489 So.2d 1182 (Fla. 2d DCA 1986). However, we find those cases to be inapplicable. It is unfortunate that the appellant has not provided us with the transcript of the initial plea colloquy. However, it is apparent from a review of the sentencing proceedings that all of the participants in the plea contemplated that the court would have the option of including restitution as a condition of the defendant's probation. The defendant does not contend otherwise. The "victim" testified at the sentencing with respect to restitution, without objection by the appellant, for the purpose of enabling the court to consider the potential range of damages in determining the extent to which restitution would be made a part of the court's probation sentence. It should also be noted that in this case there is no contention that the damages were not caused by the defendant's conduct, only that they were not caused by the conduct contained in the elements of the count to which the defendant entered his plea.
It is significant that Adamo negotiated for, and took full advantage of, a nol pros of count I with the knowledge that the State considered restitution to the victim one of the principal factors in the negotiation. It is also significant that at no time had the appellant presented the trial court with the contention that the restitution portion of his probation terms was illegal, nor had the defendant ever sought to withdraw his plea and reinstate count I. Further, it was not until the conclusion of the sentencing, with no indication by the defendant-attorney, nor his counsel, that he challenged the legality of the provision for restitution as a condition of probation, that the state in fact nolle prossed count I.
If the appellant were to prevail, and the adjudication reversed and the condition of probation stricken, the trial court would also be deprived of the opportunity to modify the terms of probation to include any alternative provisions which might initially have been considered by the trial court. Such alternatives might have included an increase in the amount of jail time up to a maximum of twelve months, additional community service, additional fines and costs, an extended period of probation on *254 the first count, or even the possibility of a sentence in excess of probation if grounds existed to exceed the guidelines.
At the sentencing the trial judge told the defendant:
I understand you agree to the payment of these monies in the amount thereof to be determined by the probation supervisor upon proper substantiation by the victims concerning to [sic] totality of these incidents to the probation officer. If there is any problems in this, I think you can talk it over with Mr. Coyle, the State's Attorney, as well as Mr. Alterman. I think that can be worked out. And you agree to that without any appeal, is that correct?
To this the defendant replied, "Yes, I do." Defendant then acknowledged his understanding that he had waived his right to appeal. Shortly thereafter the trial judge said, "Have I complied with the understanding?" The defendant made no objection in response.
The issue in this case is not whether the defendant waived the right of appeal, nor whether restitution may generally be imposed as a condition of probation under facts controlled by Fresneda, but whether this defendant, in this case, should be permitted to modify this sentence on appeal under these circumstances. He may not. Pollock v. Bryson, 450 So.2d 1183 (Fla. 2d DCA 1984). See Dent v. State, 432 So.2d 163 (Fla. 4th DCA 1983). Therefore the judgment and sentence of the trial court are affirmed.
ANSTEAD and LETTS, JJ., concur.