523 So.2d 755 (1988)
James E. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-599.
District Court of Appeal of Florida, Second District.
April 15, 1988.
RYDER, Judge.
James Johnson appeals from the summary denial of his motion for postconviction relief. We reverse.
Johnson is serving a total of thirteen years in prison for several drug offenses, the result of a negotiated plea. He now claims that the plea was involuntary. Specifically, he states that his attorney led him to believe the recommended guideline sentence fell into the seventeen to twenty-two year range, and thus he was the recipient of a particularly good deal by pleading for thirteen years. In fact, the scoresheet relied upon by both counsel and the trial judge was incorrectly totalled, and the proper recommended sentence should have been twelve to seventeen years. Johnson now believes that he would have lost little or nothing by going to trial on the cases, and asserts that he would have gone to trial but for the misrepresentation.
The lower court denied the motion partly because Johnson had made a similar claim in a previous motion. However, the first motion sought only to have the sentence mitigated, pursuant to Florida Rule of Criminal Procedure 3.800, whereas the present motion seeks to vacate the plea (rule 3.850). Thus the bar on successive motions established by rule 3.850 is inapplicable.
As to the merits of Johnson's motion, the court found that Johnson was not prejudiced because he still received the sentence for which he bargained. This overlooks the basic thrust of his argument. We believe Johnson has presented a prima facie showing that the plea was entered without a full understanding of the possible choices available to him. Before a plea of guilty may be considered entirely voluntary, the accused must be made aware of *756 the consequences of accepting or foregoing the plea bargain offered. Ward v. State, 433 So.2d 1221 (Fla. 3d DCA 1983). Johnson has plainly alleged that his plea was grounded in a desire to avoid a longer sentence. Given the considerable presumption that the guideline recommendation is the appropriate sentence, Williams v. State, 500 So.2d 501 (Fla. 1986), that harsher penalty would have been highly likely had the scoresheet been correct. Similarly, a sentence in the same general range as that actually imposed reasonably could be expected based on the scoresheet as correctly added. While thirteen years is closer to the bottom than the top of the guideline range, it is not quite the windfall Johnson says he was led to expect.
Thus we must remand this case for further consideration, following the procedures set out in rule 3.850. It may be that the files and records in this case, or if need be an evidentiary hearing, will refute Johnson's assertion that he had nothing to lose by refusing the sentence offered by the state. For example, the state may have declined to pursue other charges in exchange for the plea, such that Johnson might have faced an even harsher penalty had he lost at trial. However, based on the record presently before us it does appear that Johnson has given up a fundamental constitutional right under circumstances that on their face involve misinformation, albeit unintentional.
Reversed and remanded with instructions.
SCHEB, A.C.J., and THREADGILL, J., concur.