591 So.2d 1067 (1991)
Lorenzo HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0231.
District Court of Appeal of Florida, Fourth District.
December 27, 1991.
*1068 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant Lorenzo Howard was arrested and charged with sale or delivery of cocaine within 1,000 feet of a school and with possession of cocaine. The arrest was the product of a controlled transaction staged and videotaped by the Martin County Sheriff's Office. Sheriff's Officers later measured the distance between the point of the transaction and Murray Middle School as being less than 1,000 feet. The officer who made the measurement had not been present during the transaction, but he testified at trial that he based the location of the transaction on his viewing of the videotape of the event, and further testified that he was very familiar with the area in question before the incident. At the close of the state's case, Howard moved for judgment of acquittal arguing that the state failed to show the sale took place within 1,000 feet of a school. Howard appeals the trial court's denial of this motion.
In State v. Law, 559 So.2d 187 (Fla. 1989), the Supreme Court of Florida reviewed the denial of a motion for judgment of acquittal as follows:
It is the trial judge's proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. The state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. [citations omitted]
559 So.2d at 189. At trial, the state detailed its measuring procedures, presented a chart of the scene, and played the videotape of the transaction. The state presented a straight line measurement of 779 feet, and a measurement detoured by houses and street corners of 983 feet. The evidence in this case, when viewed in a light most favorable to the state, is competent evidence which is inconsistent with the defendant's position that the sale took place more than 1,000 feet from a school. The court, therefore, correctly allowed this issue to go to the jury.
Frankly, we do not understand the significance of the longer of the two measurements offered by the state. Section 893.13(1)(e), Florida Statutes (1989), effects more severe punishment of drug transactions which occur within 1,000 feet of certain schools as the crow flies, not as the car drives. We construe the legislative intent to measure within a 1,000-foot radius, not by local idiosyncracies of pedestrian or automobile travel.
At sentencing, the trial judge merged Count II, the possession count, into Count I, charging sale within 1,000 feet of a school, and orally pronounced Howard guilty of Count I only. The written judgment, however, finds Howard guilty of both counts. When the written order does not conform to the oral pronouncement of judgment, the latter controls. Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987); Kelly v. State, 414 So.2d 1117, 1118 (Fla. 4th DCA 1982). In light of this inconsistency, we remand to the trial court to correct the written judgment to conform to the oral pronouncement.
AFFIRMED IN PART; REVERSED IN PART.
LETTS, POLEN and FARMER, JJ., concur.