PER CURIAM.
In this direct criminal appeal, appellant seeks review of both his convictions and his sentences. He raises four issues: (1) whether the trial court committed reversible error when it denied his motion for a continuance so that he might attempt to locate potential defense witnesses; (2) whether the trial court committed reversible error when it sentenced him to consecutive mandatory minimum terms for armed robbery and armed kidnapping; (3) whether the trial court committed reversible error when it sentenced him to fifty years as an habitual felony offender for armed robbery, a first-degree felony punishable by life in prison; and (4) whether the trial court committed reversible error when it sentenced him as an habitual felony offender for armed kidnapping, because those offenses should have been reclassified to life felonies. We affirm, without discussion, as to all except the last issue.
Among other offenses, appellant was charged with, and convicted of, kidnapping while armed with a firearm. Pursuant to section 787.01(2), Florida Statutes (1991), one who commits the offense of kidnapping is guilty of a first-degree felony, punishable by a term of years not exceeding life in prison. Section 775.087(l)(a), Florida Statutes (1991), provides that when one commits a first-degree felony an essential element of which is not the use of a weapon or firearm, and during the commission of that felony “carries, displays, uses, threatens, or attempts to use any weapon or firearm,” the offense shall be reclassified to a life felony. Accordingly, appellant’s kidnapping convictions should have been reclassified to life felonies. The habitual felony offender statute may not be used to enhance a life felony. Lamont v. State, 610 So.2d 435 (Fla.1992); Johnson v. State, 616 So.2d 130 (Fla. 1st DCA 1993). Accordingly, as the state correctly concedes, we are constrained to reverse the sentences for the two armed kidnapping convictions, and to remand with directions that the trial court impose guidelines sentences. In all other respects, appellant’s convictions and sentences are affirmed.
*299 AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BOOTH, WOLF and WEBSTER, JJ., concur.