637 So.2d 353 (1994)
Randy L. BOATWRIGHT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 93-1123, 93-1138.
District Court of Appeal of Florida, First District.
June 1, 1994.
*354 Nancy A. Daniels, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., for appellee.
KAHN, Judge.
In these consolidated cases, appellant Randy L. Boatwright seeks review of sentences for sexual battery by a person under the age of 18 upon a person 11 years of age or younger in circuit case 91-79-CF, and attempted armed robbery and attempted first degree murder with a firearm in case 92-246-CF. He pled guilty and agreed to negotiated sentences on the charges. Under the agreement, he received a 15 year non-habitual offender sentence for the sexual battery charge in case 91-79-CF and two concurrent thirty year habitual violent felony offender sentences with a fifteen year mandatory minimum sentence in case 92-246-CF.
Boatwright raises two issues on appeal: (1) the constitutionality of the habitual violent felony offender statute and (2) the application of the habitual offender statute to the charge of attempted first degree murder with a firearm. We affirm in part and reverse in part appellant's sentences.
The constitutional challenge has been disposed of by the supreme court. See e.g., Porter v. State, 629 So.2d 834 (Fla. 1993); Seabrook v. State, 629 So.2d 129 (Fla. 1993).
We must reverse on the second issue because the court sentenced Boatwright as a habitual violent felony offender on the charge of attempted first degree murder with a firearm in case 92-246-CF. Section 775.087(1)(a), Florida Statutes, provides that if a firearm is used in a felony (except a felony for which use of a firearm is an essential element), "the felony for which the person is charged shall be reclassified as follows: (a) In the case of a felony of the first degree, to a life felony." (e.s.) The charge of attempted first degree murder with a firearm is therefore a life felony and as such is not subject to the habitual offender statute. See Strickland v. State, 437 So.2d 150 (Fla. 1983) (attempted first degree murder with a firearm must be reclassified to a life felony); Kio v. State, 624 So.2d 744, 746-747 (Fla. 1st DCA 1993), rev. denied, 634 So.2d 627 (Fla. 1994) ("cases construing the statute in the context of convictions for attempted first degree murder have not treated reclassification as a matter of prosecutorial discretion"); Lamont v. State, 610 So.2d 435 (Fla. 1992) (life felonies are not within the scope of the habitual violent felony offender statute).
The state's sole contention is that although attempted first degree murder with a firearm was charged, appellant pled to attempted murder (a first degree felony), not attempted murder with a firearm, and therefore section 775.087(1)(a) is inapplicable. We reject the state's argument. See Barrett v. State, 622 So.2d 1371 (Fla. 4th DCA 1993) (defendant who entered plea to life felony could not receive habitual offender sentence where there is no indication in the record that the state ever reduced the charge to a first degree felony). Here, the only charging *355 document alleges attempted first degree murder "by shooting". Nothing in the record suggests the state attempted to reduce the charge to a first degree felony. Instead, the record suggests the court and the parties were under the mistaken impression that appellant was charged with a first degree felony.
We reject Boatwright's request that we simply strike the habitual offender portion of his sentence by this opinion, leaving the balance of his sentence untouched.[*] The plea was negotiated, and accepted by the prosecution, the defense, and the judge on the assumption that appellant would be sentenced as a habitual offender. He "should not be permitted to renege on a portion of his agreement with impunity." Barrett, supra at 1372. Boatwright was sentenced for the sexual battery in case number 91-79-CF and attempted armed robbery in case number 92-246-CF under a negotiated plea covering the charge of attempted first degree murder (with a firearm). Rather than disadvantage the defendant or the state by vacating the sentence at this level, we remand the case with directions. The sentencing court shall extend the state an opportunity to agree that only the habitual offender sentence for attempted first degree murder with a firearm should be vacated, while having the judgment stand and allowing the defendant to be resentenced in accordance with the principles enunciated in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). See Forbert v. State, 437 So.2d 1079 (Fla. 1983); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). Should the state decline this, the judgments and sentences for all three offenses should be vacated and the cases will proceed to trial.
REVERSED AND REMANDED with directions.
ERVIN and JOANOS, JJ., concur.
NOTES
[*] By earlier order we directed the state to file a supplemental brief limited to the proper remedy in the event of reversal. Rather than filing a brief responsive to our order, the state used the opportunity to renew its argument that appellant pled to a first degree felony. By separate order we have stricken that brief.