642 So.2d 1190 (1994)
Andrew Lamar LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-264.
District Court of Appeal of Florida, First District.
September 29, 1994.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
MICKLE, Judge.
Andrew Lamar Lee appeals from habitual felony offender sentences imposed after his plea of guilty to one count of sexual battery with a deadly weapon and one count of burglary of a dwelling.[1] Lee argues two points *1191 on appeal: (1) that despite his receipt of the state's notice of habitualization prior to entry of his plea, the sentences must be reversed because the trial court did not personally advise him of the collateral consequences of habitualization, as mandated in Ashley v. State, 614 So.2d 486 (Fla. 1992), and (2) that the court erred in sentencing him as a habitual offender for sexual battery because this offense is a life felony for which no habitualized sanction is authorized.
We affirm on point one for the reasons set forth in Heatley v. State, 636 So.2d 153 (Fla. 1st DCA 1994).
We must reverse on the second point because the record reflects that Lee entered a plea to sexual battery, a life felony with respect to which a habitual offender sentence is invalid. The state concedes error on this point. See Lamont v. State, 610 So.2d 435 (Fla. 1992) (life felonies are not within the scope of the habitual offender statute); Lambert v. State, 630 So.2d 230 (Fla. 2d DCA 1994) (sexual battery). We reject Lee's request that his sentence be remanded for imposition of a guidelines sentence. Inasmuch as it appears Lee entered a plea on the assumption that he would qualify as a habitual offender, he "should not be permitted to renege on a portion of his agreement with impunity." See Barrett v. State, 622 So.2d 1371, 1372 (Fla. 4th DCA 1993). Rather than vacating the sentence at this level, we remand with the following directions. The trial court shall extend the state the opportunity either to (1) accept the plea with the sentence imposed without the habitual offender status, i.e., vacate only the illegal habitual offender sentence for sexual battery, while having the judgment stand, and allow Lee to be resentenced on this charge, or (2) withdraw from the plea agreement  thus vacating both of the judgments and sentences  and reinstate the original charges and proceed to trial. See Boatwright v. State, 637 So.2d 353 (Fla. 1st DCA 1993) and the cases cited therein.
REVERSED and REMANDED with directions.
BOOTH, J., concurs.
BENTON, J., concurs and dissents with written opinion.
BENTON, Judge, concurring and dissenting.
Nothing of record supports an inference that appellant was unaware of the possible consequences of his guilty plea, up to and including a 17-year sentence as a habitual offender. Before he was sentenced, albeit after his guilty plea, appellant was fully advised by counsel in open court of the likely practical effect of a 17-year habitual offender sentence. This outspoken defendant expressed no surprise and requested no opportunity to withdraw his plea, although the trial judge, who exhibited great patience, afforded him an opportunity to speak, and heard him out. The requirements of Ashley v. State, 614 So.2d 486 (Fla. 1993) were met. That the consequences of a habitual offender sentence were explained in open court by counsel rather than by the court has no legal significance. The record shows a free and knowing plea.
The conviction for burglary of a dwelling and the 15-year habitual offender sentence that the court imposed for that offense are both lawful, and appellant has begun service of that sentence. The conviction for sexual battery, predicated on a free and knowing plea, is also lawful, so long as the concurrent sentence for that crime does not exceed the 17-year habitual offender maximum that prosecution and defense agreed upon. The plea agreement recites: "The Defendant acknowledges that the State will seek a 17 year sentence as a habitual offender." As defense counsel explained to his client in open court at the hearing on his petition to enter a guilty plea: "[T]he state is going to ask the judge to give you a 17-year sentence as a habitual offender ... [but w]e will be able to argue that the judge should not sentence you as a habitual offender."
Under the cases my brother Mickle has cited, the law is clear that no habitual offender sentence is authorized for life felonies. Sexual battery is a life felony. We are, therefore, in my opinion, obliged to reverse the sentence imposed for sexual *1192 battery, and remand for resentencing on that count. The sentence on remand is for the trial judge, not the prosecution, to decide. This would be so even if the form petition to enter a plea of guilty the appellant signed did not recite: "I know also that the sentence is up to the Court only; the State Attorney will have no part in the Court's decision."
NOTES
[1] Lee was originally charged with one count of armed burglary, two counts of sexual battery with a deadly weapon, and one count of robbery with a deadly weapon.