650 So.2d 1054 (1995)
Detrick WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-755.
District Court of Appeal of Florida, First District.
February 9, 1995.
Rehearing Denied March 24, 1995.
*1055 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of habitual offender sentences imposed, pursuant to negotiated pleas, for two counts of armed kidnapping. He argues that, because those two offenses are life felonies, the habitual offender sentences are illegal. We reverse.
Apparently, the prosecutor, the defense attorney, the trial court and appellant were all laboring under the erroneous belief that armed kidnapping is a first-degree felony punishable by a term of years not exceeding life when, in actuality, it is a life felony. See § 787.01(2), Fla. Stat. (1993) (making kidnapping a first-degree felony punishable by a term of years not exceeding life); § 775.087(1)(a), Fla. Stat. (1993) (requiring reclassification of a first-degree felony to a life felony when an essential element of the offense is not the use of a weapon or firearm, and a weapon or firearm is used during commission of the offense). See also Houck v. State, 637 So.2d 298 (Fla. 1st DCA 1994). (This misapprehension might have been caused by the state's erroneous representation in the information that armed kidnapping is a first-degree felony punishable by a term of years not exceeding life.) The habitual felony offender statute may not be used to enhance a life felony. Lamont v. State, 610 So.2d 435 (Fla. 1992). Accordingly, such a sentence is illegal, and may be challenged on appeal notwithstanding that it was the product of a negotiated plea. E.g., Lee v. State, 642 So.2d 1190 (Fla. 1st DCA 1994); Boatwright v. State, 637 So.2d 353 (Fla. 1st DCA 1994); Barrett v. State, 622 So.2d 1371 (Fla. 4th DCA 1993). Therefore, the habitual offender sentences imposed for armed kidnapping must be reversed.
However, the remedy is not, as appellant urges, that the case be remanded with directions that non-habitual offender sentences of like terms be imposed. These sentences were the result of a bargain which had been struck between the parties involving a number of other serious charges, in addition to the two counts of armed kidnapping. To allow appellant the relief he now requests would be to rewrite the agreement between the parties, to appellant's distinct benefit. Instead, as in Boatwright, we remand with directions that the trial court afford the state the opportunity to agree that only the habitual offender sentences for the two counts of armed kidnapping be vacated, while allowing the judgments to stand, and that appellant be resentenced according to the principles set forth in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Should the state decline this option, the judgments and sentences for all seven of the offenses to which appellant entered pleas are to be vacated, and the case is to proceed to trial.
REVERSED and REMANDED, with directions.
MINER, J., concurs.
BENTON, J., concurs and dissents with written opinion.
BENTON, Judge, concurring and dissenting.
Under the plea agreement, the defendant received seven concurrent habitual offender sentences. Six were for terms of thirty years and one was for a five-year term. On defendant's motion to correct sentence, without objection by the state, the original pronouncement was "corrected to the extent that the designation of the defendant as a habitual offender does not apply to the two counts of armed sexual battery."
As grounds for the motion to correct sentence, the defendant had alleged: "At the *1056 time of the sentencing, ... both the State and the defense overlooked the fact that ... armed sexual batter[ies] ... are life felonies. The court may not sentence someone as an habitual offender for a life felony." Like armed sexual battery, armed kidnapping is a life felony. Why the armed kidnapping counts were not handled in the same fashion as the armed sexual battery counts (so obviating any need for the present appeal) is not clear from the record.
If a defendant performs his part of a plea bargain and begins service of a sentence, the prosecution cannot unilaterally insist on a return to the status quo ante. See Ricketts v. Adamson, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) (trial after breach of plea agreement allowed only because "the State did not force the breach," 483 U.S. at 11, 107 S.Ct. at 2686 and "respondent clearly appreciated and understood the consequences were he found to be in breach of the agreement." At 12, 107 S.Ct. at 2686).
This appeal is no more a breach of the plea agreement than the motion to correct sentence was. The problem arises because the plea agreement, apparently in part the result of a mutual mistake of law, calls for illegal, as well as legal, sentences. A defendant is entitled to withdraw a plea induced by promises which the prosecution does not keep. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Lee v. State, 501 So.2d 591 (Fla. 1987).
But the history of this case suggests that the trial court and parties alike will be able to reach agreement on remand with respect to the sentences for armed kidnapping. The decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which involved retrial and did not involve a plea agreement, is inapposite.
On remand, the parties are free to continue their efforts to reform the plea agreement in order to make it lawful, while preserving its essence. If the trial court, with the parties' consent, reclassifies the sentences for armed kidnapping in the same manner as it reclassified the sentences for armed sexual battery, all seven sentences will be lawful and the apparent intention of the original plea agreement will be accomplished.