POLEN, Judge.
Daniel O’Neal appeals his twenty-year prison sentence imposed by the trial court after he violated the terms of his probation. We reverse.
O’Neal originally pled nolo contende-re to the charges against him in exchange for a youthful offender sentence. While the transcript of the plea and sentencing hearing reflects that the court sentenced O’Neal according to the agreement, the sentencing documents do not mention O’Neal’s youthfid offender status. As a result, at the violation of probation hearing, the presiding judge was unaware that O’Neal was so classified and imposed a sentence in excess of the six-year maximum. See § 958.04(2)(c), Fla.Stat. (1991) (“the period of incarceration imposed or served and the period of probation or community control, when added together shall not exceed 6 years” for youthful offenders); see also State v. Watts, 558 So.2d 994 (Fla.1990) (even though court subsequently revokes a defendant’s probation or community control, the maximum sentence on resen-tencing still may not exceed six years’ incarceration less credit for time served).
Since there is no question that the state agreed to youthful offender sentencing and the court accepted the agreement, we are bound to vacate O’Neal’s sentence and re *414 mand for resentencing. See Howard v. State, 591 So.2d 1067, 1068 (Fla. 4th DCA 1991) (oral pronouncement prevails over written sentence); see also Gardner v. State, 656 So.2d 933, 937 (Fla. 1st DCA 1995) (where prosecutor agreed to youthful offender sentencing and trial court accepted agreement, defendant classified as youthful offender even though sentencing documents did not mention youthful offender status).
Relying on Lee v. State, 642 So.2d 1190 (Fla. 1st DCA 1994), the state requests that on remand it be allowed the opportunity to withdraw from the plea agreement. We deny that request since, unlike in Lee, O’Neal’s corrected, youthful offender sentence will be exactly what the parties initially bargained for. Therefore, we vacate O’Neal’s sentence and remand with directions that the trial court resentence him as a youthful offender.
With respect to O’Neal’s remaining claims, the state concedes that various clerical errors appear in the written sentence. We also direct that, on remand, the trial court correct the written sentences in both cases to conform to its oral pronouncement. See Major v. State, 652 So.2d 513 (Fla. 4th DCA 1995). Specifically, in case number 91-2518, the court should correct the written sentence to reflect that O’Neal received a youthful offender sentence, to show that his community control was revoked for count IV, and to show that O’Neal violated his community control on August 9, 1993. The court should also enter a written order reflecting the oral dismissal of the affidavit of probation and termination of O’Neal’s probation. As to case number 92-1417, the court should correct the written sentence to show that the court revoked O’Neal’s one-year probation for counts I, VI, VIII, and XIII.
REVERSED AND REMANDED.
GUNTHER, C.J., and HENNING, PATTI ENGLANDER, Associate Judge, concur.