691 So.2d 578 (1997)
STATE of Florida, Appellant,
v.
Billy Jo FERGUSON, Appellee.
No. 96-01954.
District Court of Appeal of Florida, Second District.
April 11, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. McCarthy, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Kathleen Calcutt, Assistant Public Defender, Bartow, for Appellee.
BLUE, Judge.
The State appeals the sentence imposed on Billy Jo Ferguson following his guilty plea to possession of a firearm by a violent career criminal in violation of section 790.235, Florida Statutes (1995). We agree with the State's contention that the trial court erred by not imposing the fifteen-year minimum mandatory sentence required by that statute. Accordingly, we reverse.
It is undisputed that Ferguson qualified for sentencing as a violent career criminal and that he had a firearm in his custody, control or possession. The State argues that the minimum mandatory sentence required by section 790.235 is similar to the three-year minimum mandatory sentence required for certain offenses involving the use or possession of a firearm pursuant to section 775.087(2). See, e.g., State v. Sesler, 386 So.2d 293 (Fla. 2d DCA 1980) (court required to sentence defendant to three-year minimum mandatory for possessing firearm during commission of an aggravated assault). Ferguson argues that even though he qualified for violent career criminal sentencing, the court had the discretion to find that such a sentence was not necessary for the protection of the public. Ferguson relies on the line of cases holding that sentencing under the habitual offender statute is discretionary, not mandatory. See Burdick v. State, 594 So.2d 267 (Fla.1992).
After examining the pertinent statutes, we conclude that the sentence required by section 790.235 is mandatory. As with the habitual felony offender and habitual violent felony offender statutes, the trial judge does have the authority to determine that sentencing as a violent career criminal under section 775.084(1)(c) is not necessary for the protection of the public. See § 775.084(3)(b). However, unlike section 775.084(1)(c), section 790.235 is a substantive offense statute, not a sentencing statute. Whether a substantial prison sentence is necessary for the protection of the public is simply not a consideration under section 790.235. Therefore, as with the three-year minimum mandatory sentence for certain offenses involving firearms, *579 the minimum mandatory sentence for possession of a firearm by a violent career criminal contained in section 790.235 is not permissive. In other words, if a defendant charged with violating section 790.235 is qualified for violent career criminal sentencing and possesses a firearm, he or she must receive the fifteen-year minimum mandatory sentence.
The trial court erred by failing to impose the fifteen-year mandatory sentence and accordingly, we reverse. Because Ferguson entered his plea in reliance on the trial court's offer of a ten-year habitual offender sentence, he must be given an opportunity to withdraw his plea.
Reversed and remanded for further proceedings.
DANAHY, A.C.J., and FULMER, J., concur.