510 S.E.2d 212

**Kenneth H. BROWN, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 24861.

Supreme Court of South Carolina.

Submitted Oct. 21, 1998.

Decided Nov. 30, 1998.

Robert Pachak, of S.C. Office of Appellate Defense, of Columbia, for respondent.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, and Assistant Attorney General Barbara M. Tiffin, of Greenville, for petitioner.

WALLER, Justice:

We granted a writ of certiorari to review the grant of Post–Conviction Relief (PCR) to Respondent, Brown. We reverse.

## FACTS

Brown was convicted of distribution of cocaine and distribution of cocaine within one-half mile of a school and sentenced to 30 years and 5 years, respectively. The indictment setting forth the proximity charge indicates Brown distributed cocaine within one-half mile of the grounds of Belleville Middle School. At PCR, Brown contended his trial counsel was ineffective in failing to measure the distance between Belleville Middle School and the location at which he was alleged to have made

the sale, 2190 Russell Street. Brown contended he had "clocked" the mileage in his vehicle and the distance was approximately 1 mile on his odometer reading. Two other witnesses also testified at PCR that they believed Belleville School was more than one mile from 2190 Russell Street.[1] Brown's trial attorney testified at PCR that he sent his investigator to determine the proximity of the school, and the investigator reported to him that 2190 Russell Street was within one-half mile of the school. It was counsel's belief that proximity was not measured by odometer readings but was, rather, measured "as the crow flies" in a straight line.

The PCR court found there was "a substantial question as to the distance between 2190 Russell Street and the Belleview Middle School ." Accordingly, the court concluded counsel was ineffective in failing to substantiate the difference between the school and the residence, and that his deficiency had prejudiced the defense.

## ISSUE

Did the PCR court err in finding counsel ineffective?

## DISCUSSION

S.C.Code Ann. § 44-53-445(A) (Supp.1997) provides:
It is a separate criminal offense for a person to distribute, sell, purchase, manufacture, or to unlawfully possess with intent to distribute, a controlled substance while in, on, or within a one-half mile radius of the grounds of a public or private elementary, middle, or secondary school; a public playground or park; a public vocational or trade school or technical educational center; or a public or private college or university.

"Radius" is defined as "**a straight line** drawn from the center of a circle or sphere to any point on its periphery ..." NEW WEBSTER'S DICTIONARY AND THESAURUS, 825 (1993) (Emphasis supplied). Courts addressing the issue have uni-

---

1. One of the witnesses, Brunson Rush, testified "I think it's more than one mile" from the school to 2190 Russell Street. The other witness, Brown's father, testified he had checked it "in general" by the odometer and thought the distance was a bit over a mile, but that he had not made a thorough check.

formly held proximity is measured in a straight line, or "as the crow flies." *See Jackson v. State,* 582 So.2d 598 (Ala.Crim. App.1991) (shortest distance between two points, i.e. a "straight line," refers to "as the crow flies"); *Howard v. State,* 591 So.2d 1067 (Fla.App.1991) (distance from school is measured, not as the car drives, but "as the crow flies"); *Commonwealth v. Spano,* 414 Mass. 178, 605 N.E.2d 1241 (Mass. 1993) (holding distance is measured in a straight line); *State v. Ogar,* 229 N.J.Super. 459, 551 A.2d 1037 (N.J.Super.1989) (distance measured "as the crow flies" from outermost boundaries of school grounds); *State v. Vigh,* 871 P.2d 1030 (Utah App.1994) (distance measured in a straight line rather than by pedestrian travel route); *State v. Wimbs,* 74 Wash.App. 511, 874 P.2d 193 (Wash.App.1994). We agree with these courts that the only way to uniformly measure the distance between a school, church or other protected location and the location where illegal drugs were sold is to do so in a straight line.

■■■ In a post-conviction proceeding, the burden is on the applicant to prove the allegations in his application. *Butler v. State,* 286 S.C. 441, 334 S.E.2d 813 (1985), cert. denied, 474 U.S. 1094, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986). As to allegations of ineffective assistance of counsel, the applicant must show his counsel's performance fell below an objective standard of reasonableness, and but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Johnson v. State, supra.* This Court must affirm the findings of the PCR judge if they are supported by any evidence in the record. *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989).

■■ Here, Brown failed to offer any evidence at PCR as to the distance between Belleville School and 2190 Russell Street as measured in a straight line. As there is no evidence the distance as measured in a straight line exceeds one-half mile, the PCR court's findings are not supported by any evidence. Accordingly, the judgment below is

242

REVERSED.[2]

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.

---

2. The PCR court also ruled Brown was entitled to a new trial on the distribution charge as it could not determine the impact of the proximity charge on the distribution conviction. As Brown is not entitled to a new trial on the proximity charge, he is not entitled to a new trial on the distribution charge. The PCR court's ruling on this issue is also reversed.