822 So.2d 550 (2002)
Eric L. WADE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0910.
District Court of Appeal of Florida, First District.
July 26, 2002.
*551 Appellant, pro se.
Robert A. Butterworth, Attorney General, and Phillip W. Edwards, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant claims that he was sentenced as a habitual felony offender for a conviction of possession with intent to distribute. Habitualization is not authorized for this offense. See Gregory v. State, 739 So.2d 100, 100 (Fla. 2d DCA 1999). The trial court attached a portion of the sentencing transcript in an effort to support its contention that the appellant was not sentenced as a habitual felony offender for this conviction. However, the trial court's attachment is inconclusive. We therefore reverse the trial court's summary denial and remand with instructions to either attach record excerpts which conclusively establish that the appellant was not habitualized for possession with intent to distribute (such as the original sentencing documents), or to delete the habitual offender designation as to this conviction. Although the appellant's sentence was the result of a plea agreement, the state is not entitled to withdraw from this arrangement in the event that the trial court resentences the appellant, because there is no indication that the plea agreement was predicated upon the appellant's habitualization. Thus, removing the habitual offender *552 status from the appellant's possession with intent to distribute conviction would merely return the parties to their originally bargained for positions. See O'Neal v. State, 667 So.2d 413, 413 (Fla. 4th DCA 1996).
REVERSED AND REMANDED.
BROWNING, LEWIS and POLSTON, JJ., concur.