PER CURIAM.
The appellant appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 postconviction motion, in which he alleges that he was erroneously sentenced as a habitual felony offender where the requisite predicate offenses did not exist for the sentence enhancements. Because the appellant’s motion is legally sufficient and the attached record portions do not conclusively show that the appellant is not entitled to relief, we reverse and remand with instructions to the trial court to conduct an evidentiary hearing to determine whether the appellant’s claim merits relief.
The appellant pled guilty to three counts of sexual battery by familial authority, which allegedly were committed between January 1, 1997, and November 3, 1999. The state relied on a burglary of a structure conviction on September 2, 1986, and a possession of a firearm by a convicted felon conviction on January 28, 1999, as predicate offenses for habitualization. In his postconviction motion and on appeal, the appellant challenges the use of the conviction for possession of a firearm as a predicate offense, alleging that the offense occurred after the commission of the crime for which the habitual offender sentence was imposed.
This Court must treat the appellant’s allegations as true where they are not rebutted conclusively by the record. See Valle v. State, 705 So.2d 1331, 1333 (Fla.1997). If the appellant’s allegation is deemed to be true, then the January 28, 1999, conviction may not be used as one of *716 the requisite predicate felonies to habitualize the appellant for offenses committed prior to that date. See § 775.084(5), Fla. Stat. (1997); Rhodes v. State, 704 So.2d 1080, 1083 (Fla. 1st DCA 1997)(holding that commission of the predicate felony-must precede the commission of the current offense). The possession of a firearm conviction could only be used for habituali-zation purposes against those acts committed between January 28, 1999, and November 3, 1999.
The trial court’s attachments do not conclusively refute the appellant’s contention that the instant offenses of sexual battery were committed prior to the 1999 offense used to habitualize him. Because the offenses were alleged to have been committed over the course of several years, an evidentiary hearing may be necessary to determine which, if any, of the offenses occurred after January 28, 1999. Therefore, we reverse the order and remand for the trial court to conduct an evidentiary hearing to determine whether the record supports the appellant’s allegations, and if so, to resentence him accordingly. To the extent that the appellant’s habitual offender sentence was the result of a negotiated plea, the state will be entitled to withdraw from the plea agreement should the appellant prevail on remand. See Wade v. State, 822 So.2d 550, 551 (Fla. 1st DCA 2002).
REVERSED AND REMANDED with instructions.
WOLF, C.J., ERVIN and VAN NORTWICK, JJ., concur.