917 So.2d 991 (2005)
Sergio Luis QUINTANA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-3276.
District Court of Appeal of Florida, Third District.
December 28, 2005.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before FLETCHER, WELLS, and SHEPHERD, JJ.
PER CURIAM.
This is an appeal from an order denying Sergio Luis Quintana's motion to vacate guilty plea on the ground that the plea was not knowingly and voluntarily entered.
Appellant, Sergio Luis Quintana, was charged with possession of a firearm by a violent career criminal pursuant to § 790.235, Fla. Stat. (2004), procuring another to commit prostitution under § 796.07(2)(f), Fla. Stat. (2004), and fleeing a law enforcement officer under on § 316.1935(2), Fla. Stat. (2004). Based upon advice provided to him pursuant to an erroneous impression by all concernedthe State, his counsel and the *992 courtthat the fifteen-year minimum mandatory sentence mandated for a violation of section 790.235 could be waived, see State v. Ferguson, 691 So.2d 578 (Fla. 2d DCA 1997)("the minimum mandatory sentence for possession of a firearm by a violent career criminal contained in section 790.235 is not permissive")(emphasis added), appellant entered guilty pleas on all charges in exchange for a sentencing delay of ninety days and the promise by the State that if appellant provided the State with "good cases" in the interim, it would consider waiving the minimum mandatory sentencing feature of section 790.235 on the possession charge at the time of sentencing.
On the date of the delayed sentencing hearing, appellant filed a motion to vacate plea on the ground of affirmative misadvice received by him at the earlier plea hearing.[1] The trial court denied the motion on the ground that he had not cooperated with the State and that he had been arrested for another crime in the interim period. It then proceeded to sentence him to fifteen years in state prison on the possession charge and time served on the prostitution and flight charges. The State concedes that the plea in this case was involuntary and requires reversal. We agree. See, e.g., Forbert v. State, 437 So.2d 1079, 1081 (Fla.1983)("It is a well established principle of law that a defendant should be allowed to withdraw a plea of guilty where the plea was based upon a misunderstanding or misapprehension of facts considered by the defendant in making the plea."); Wade v. State, 488 So.2d 127, 129 (Fla. 3d DCA 1986)(accord); see also Waldrop v. State, 882 So.2d 1047 (Fla. 1st DCA 2004)(trial court abused its discretion in denying defendant's motion to withdraw where defendant was misinformed that a withholding of adjudication of guilt, probation, and no sex-offender registration were possibilities at sentencing).
For the foregoing reasons, we reverse and remand with directions that appellant be allowed to withdraw his plea. In so doing, appellant must elect to either withdraw his plea to all charges or to none. See Boatwright v. State, 637 So.2d 353, 355 (Fla. 1st DCA 1994)(The defendant "should not be permitted to renege on one portion of his agreement with impunity."); Williams v. State, 650 So.2d 1054 (Fla. 1st DCA 1995)(To afford the defendant the opportunity to withdraw from sentences on certain counts while retaining the benefit of the remainder of plea agreement "would be to rewrite the agreement between the parties, to appellant's distinct benefit."). The State's request that the judgment and sentences as to the unaffected charges remain undisturbed is likewise rejected. Id.
Reversed and remanded with directions.
NOTES
[1] It is not immediately apparent from the motion to vacate, the transcripts of the hearings held below or the briefs of the parties whether appellant seeks to withdraw his plea only as to the affected count or as to all three counts.