DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DARRELL MATTHEWS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D23-1247

_____

December 13, 2023

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for
Manatee County; Frederick Mercurio, Judge.

PER CURIAM.

Darrell Matthews appeals from the order denying his third
amended motion for postconviction relief, filed pursuant to Florida Rule
of Criminal Procedure 3.850. We affirm the denial of ground one without
further comment. However, because the postconviction court erred in
summarily denying grounds two, three, and four as facially insufficient
and conclusory without first giving Matthews notice and a meaningful
opportunity to amend, we reverse and remand for the court to strike
those grounds with leave to amend. We also reverse the denial of ground

five, which alleges a claim of cumulative error, for the court to reconsider after it resolves grounds two, three, and four.

Matthews entered into a negotiated plea agreement that resolved multiple charges in two cases. He did not appeal his convictions and sentences, but he filed a timely motion for postconviction relief raising four claims of ineffective assistance of counsel and one claim of cumulative error. Matthews subsequently filed two amended motions, as well as motions to supplement, which expanded the claims he had raised in his original motion. Although the supplements and amendments were all technically untimely under rule 3.850 since they were filed more than two years after Matthews' judgments and sentences finalized, the court properly considered them because they merely expanded the claims that Matthews had originally raised in his timely motion for postconviction relief. *See* Fla. R. Crim. P. 3.850(b); *Surinach v. State,* 110 So. 3d 95, 95 (Fla. 2d DCA 2013) ("Amended motions for postconviction relief are subject to the two-year time limit for filing rule 3.850 motions unless they merely enlarge an issue or issues raised in the original motion.").

The postconviction court struck all of the pleadings as facially insufficient, finding that Matthews had impermissibly requested to withdraw his pleas in only one of the cases that the negotiated plea resolved. *See Quintana v. State,* 917 So. 2d 991, 992 (Fla. 3d DCA 2005) (holding that a defendant who is "allowed to withdraw his plea" must either "withdraw his plea to all charges or to none" when his plea to all charges was part of an agreement with the State); *see also* Fla. R. Crim. P. 3.850(f)(2) (stating that if a motion is "insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion").

2

Matthews timely filed his third amended motion, this time affirmatively requesting to withdraw his pleas in both cases. Otherwise, the claims were the exact same as previously alleged.

The postconviction court summarily denied the third amended motion, ruling that the record conclusively refuted Matthews' allegations in ground one and that grounds two, three, and four were insufficiently pleaded and conclusory. Finding that it had already provided Matthews with one opportunity to amend, the court denied grounds two, three, and four for lacking the requisite allegations. *See* Fla. R. Crim. P. 3.850(f)(2) (giving the trial court discretion to "permit the defendant an additional opportunity to amend [a facially insufficient] motion or may enter a final, appealable order summarily denying the motion with prejudice").

However, the court did not find grounds two, three, and four to be insufficiently pleaded when it rendered its previous order giving Matthews leave to amend to request to withdraw his pleas in both cases. Thus, the court never put Matthews on notice that his claims were facially insufficient and did not provide him with "a meaningful opportunity to amend." *Osorio v. State*, 233 So. 3d 516, 517 (Fla. 2d DCA 2017); *see also Monroe v. State*, 13 So. 3d 1083, 1084 (Fla. 2d DCA 2009) (explaining that a claim that is "conclusory and facially insufficient" should be stricken with leave to amend). Nothing in the postconviction record indicates that Matthews could not in good faith amend these grounds to allege facially sufficient claims for relief; therefore, we reverse and remand for the postconviction court to strike grounds two, three, and four with leave to amend.

Because we are reversing and remanding grounds two, three, and four for further proceedings, we also reverse ground five, in which Matthews argued that he was entitled to postconviction relief based upon

the cumulative effect of trial counsel's errors, for the postconviction court to reconsider it after it resolves grounds two, three, and four. *See Osorio*, 233 So. 3d at 517–18.

Affirmed in part, reversed in part, and remanded.

NORTHCUTT, KELLY, and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.